FULMER *et al.* v. FULMER.

1. Amendment: DISCRETION. The allowance or rejection of amendments rests, to a considerable extent, in sound judicial discretion, and the ruling thereon will not be interfered with by an appellate tribunal unless substantial prejudice has resulted to the party complaining. *Seevers* v.

*Hamilton*, 11 Iowa, 66; *State ex rel., etc.*, v. *Mayor of Keokuk*, 18 Id., 388; *Brockman* v. *Berryhill*, 16 Id., 183; *Hatfield* v. *Gano*, 15 Id., 179; *Denton* v. *Thorington*, Id., 217.

2. Appeal: ERROR WITHOUT PREJUDICE. On appeal to the Supreme Court, the party complaining must not only show affirmative error, but error prejudicial to his substantive rights. Rev., 1860, § 3111; *Colden & Co.* v. *Cole, et al.*, 19 Iowa, 565; *Smith* v. *Milburn*, 17 Id., 30; *Doniphan & Hughes* v. *Street*, Id., 317.

### *Appeal from the Dubuque District Court.*

### FRIDAY, JUNE 7.

THIS is an action in equity to declare an absolute deed to be but a mortgage, that the mortgage debt is paid, and to compel a conveyance of title to the plaintiff Charlotte. There was a decree in the District Court for the plaintiff, and defendant appeals.

*O'Niell & Cragin* for the appellant.

*Wilson & Doud* for the appellee.

COLE, J.— The claim set up by the plaintiff in the original petition, was that the plaintiff, Charlotte Fulmer, purchased the lot in controversy, and paid for the same, but borrowed seventy dollars of the purchase-money of the defendant, Henry Fulmer, and for the purpose of securing its repayment to him, the vendor, with plaintiff's consent, made the deed to the defendant; that the seventy dollars has been paid by plaintiff, and defendant refuses to convey. This claim was denied by defendant, and he averred that he purchased the lot himself, paid for it with his own money and that it was his property.

The cause was sent to a referee to take the proofs and report. The plaintiff's evidence taken by the referee tended to show that the plaintiff purchased the lot in question at four hundred dollars, and paid two hundred

and ten of his own or money held by him; seventy dollars obtained from defendant and one hundred and twenty dollars obtained from Elizabeth Fulmer, the mother of Josiah and Henry; and that the title was taken in the name of the defendant, Henry, to secure both of these last sums; and that he gave a bond to the plaintiff Charlotte, to convey to her the lot upon the repayment of the said two sums, which bond was lost; and the evidence also tended to show the repayment of both sums. The referee found these facts in substance, and as a conclusion of law that plaintiff was entitled to the relief asked.

Pending the argument of the cause in the District Court, upon exceptions to the report of the referee, and on its merits (or perhaps after the close of the argument), on the suggestion of the court, the plaintiff filed an amendment to the petition, making the allegation of the same conform to the proofs on their part as presented on the hearing before the referee. The defendant moved to strike the amendment from the files, because it was too late to file an amendment, which was overruled by the court, and excepted to by the defendant. Defendant then asked leave to file an answer to such amendment, which the court refused, and he again excepted.

1. AMEND-
MENT: dis-
cretion.

There was no error in refusing to strike the amendment from the files. The matter of allowing or rejecting amendments is to a very considerable extent one of sound judicial discretion, and the ruling on such matters will only be interfered with by an appellate tribunal where substantial prejudice has resulted to the party complaining, and no such prejudice is here shown. *Seevers v. Hamilton*, 11 Iowa, 66; *The State ex rel., etc.*, v. *Mayor of Keokuk*, 18 Id., 388; *Brockman* v. *Berryhill*, 16 Id., 183; *Hatfield, et ux.*, v. *Gano*, 15 Id., 177; *Dunton* v. *Thorington*, Id., 217.

Fulmer v. Fulmer.

It may well be questioned whether it would not have been error to sustain the motion. See Rev., § 2977.

As to the ruling of the court in refusing to defendant leave to file an answer to the amendment, it was very clearly erroneous. But the difficulty with the defendant's case in this court is, that a party must not only show affirmative error, but he must show error to his prejudice. Rev., §§ 2978, 3111; *Colden & Co. et al.* v. *Cole et al.*, 19 Iowa, 565; *Smith* v. *Milburn*, 17 Id., 30; *Doniphan & Hughes* v. *Street*, Id., 317.

*2. APPEAL: error without prejudice.*

There is no pretence that the statements of the amendment were taken as confessed for want of an answer. No time was asked to take proof for the purpose of controverting the evidence, before taken by the plaintiffs, and to meet which the amendment was filed; no continuance of the cause was asked. Rev., § 2979. Nor is there any pretence that all the testimony, available to the defendant, was not before the court. In view of all the facts, we are not prepared to hold that the defendant has shown that the ruling was " prejudicial to his substantive rights." Rev., § 3111.

Upon the merits of the cause there is, it is true, very much doubt. The testimony of the opposing parties and some of their respective witnesses, is in irreconcilable conflict. It discloses a bitter and determined family quarrel, with a zeal by each party to contradict on oath what the other has sworn to, which unfortunately too frequently characterizes such feuds, when a resort to the courts is had for the gratification of animosities. But there are certain facts in the case which are established with a reliable degree of certainty, such as the active part by the plaintiffs in the purchase of the property; the possession of it taken by them, and the renting of it to tenants, and the subsequent occupation of it by them-

selves; the claim of ownership by the plaintiffs in the presence of the defendant, and his failure to controvert such claim; the existence of a bond for a title made by defendant to plaintiff Charlotte, and its loss; and some other facts of less importance than these. There are no such distinctive and material facts established in behalf of defendant, with the same or like degree of certainty as the foregoing. The decided weight of evidence is that the amount of money alleged by plaintiffs to have been borrowed by them of the defendant, has been repaid him. But there is no such weight of evidence showing the repayment to Mrs. Elizabeth Fulmer of the amount in full, which plaintiffs allege was borrowed of her. This failure, however, ought not to defeat the relief asked by the plaintiffs, since she is called as a witness and denies the loan to them or claim upon them, for any money on account of the lot in controversy; and, further, she is no party to this suit, and if she has a claim upon plaintiffs for any balance, she will still have it notwithstanding the decree in this case, which cannot of itself constitute any bar to her future recovery or enforcement of her lien as against them.

The defendant, who alone appeals in this case, is not in any event prejudiced by the decree of the District Court, and the same is therefore

Affirmed.