| 38  | 431 |
| 119 | 313 |

## MALLORY v. FRENCH.

**Estoppel:** RES ADJUDICATA: TAX SALE. Where a decree ordered the correction of a mistake in certain conveyances, and found that the interest of M., who held a tax certificate was junior and inferior to that of F., *held*, that

1. In an action by F. to recover the land to which he had obtained a tax deed upon such certificate, the former decree did *not invalidate the certificate and was no bar*.

2. The interest in the land held by M., under his tax certificate would ripen into a perfect legal title, by the lapse of three years from the date of sale and a failure to redeem.

*Appeal from Union District Court.*

THURSDAY, JUNE 11.

THIS action is brought to quiet the title to certain lands described in plaintiff's petition. In one count of the answer the defendant pleaded a former adjudication of the matters involved in this action. To this plea plaintiff demurred, and the demurrer being overruled, he appeals. The facts are stated in the opinion.

*Stuart Bros.,* for appellant.

*Stone & Ayers,* for appellee.

MILLER, CH. J.—In the third count of defendant's answer it is alleged that the subject matter of this action was fully adjudicated in an action in the District Court of Union county, wherein the defendant French was plaintiff, and the plaintiff Mallory was defendant, at the May term, 1871, of said court. Copies of the original notice, petition, and decree are annexed to the answer.

The petition states in substance that one Kirkpatrick entered the land in controversy in May, 1855; that in October of the same year, he conveyed the same to one Mankin, but by mistake described the land as being in township 73, north of range 31, west, instead of in township 72, of said range; that by several successive conveyances the plaintiff became the owner of the land, but that the same mistake was perpetuated in each of such conveyances. The petition alleged that Mallory claimed to have some interest in the land under or by some pretended tax sale, but that such interest was junior and inferior to that of the plaintiff, and the prayer asked for a correction of the alleged mistake, *" and that the interest of said S. H. Mallory in said real estate be decreed junior and inferior* to the title of the plaintiff.

The decree ordered a correction of the alleged mistake in the conveyances, finds that " Mallory was (is) the holder of tax certificate of date July 6th, 1868, and that his lien thereby (is)

was inferior and junior to the title of J. T. French," and further orders that the title to the land be "quieted and confirmed to him," as against all of the defendants.

To this count of the answer pleading this adjudication plaintiff interposed a demurrer, which was overruled by the court. This ruling is assigned as error.

In our opinion the demurrer should have been sustained. There was no issue of title in the former suit. There was no ESTOPPEL: finding that Mallory claimed title to the premises, which was adjudged to be inferior to that of res adjudica-ta: tax sale. French. The fact found was that Mallory held a tax certificate upon a sale of the land made July 6, 1868, and this the court adjudged to be a lien inferior and junior to French's title. This conclusion was correct. The tax certificate gave Mallory no title or interest whatever in the land beyond a lien thereon for the taxes and costs paid by him with penalty and interest. It was a mere chattel interest, and the decree quieting the *title* in French is not at all inconsistent with the validity of the tax certificate, or the continuance of the lien held by Mallory by virtue thereof. The petition contained no allegations attacking the validity of the tax certificate, or the sale in pursuance of which it was made; nor is the language of the decree, quieting the title to the land in French, although broader than the facts stated in the petition justified, broad enough to exclude or invalidate Mallory's lien which the court found he held on the land by virtue of his tax certificate. Nor did French in his petition ask to redeem from the tax sale, or offer so to do. No relief was sought against the legal effect of the tax certificate. It was simply alleged that Mallory's claim or interest was junior and inferior to French's title, and this was true, even on the theory that the tax certificate was and remained valid. The decree of the court, therefore, quieting and confirming the title in French, when taken in connection with the facts averred in the petition and found by the court, must be understood simply as an adjudication that French was then the absolute owner of the land; that he held the entire title; and this was strictly true, for as we have seen, Mallory's claim was not an interest in the land, but a

mere lien thereon. This lien, however, might, notwithstanding the decree, ripen into an absolute title in fee at the expiration of three years from the tax sale, by the execution of a deed therefor by the treasurer, in case the land was not redeemed. Revision, § 784. The plea demurred to shows that more than three years had elapsed from the date of the tax sale to the time of the filing of the plea, and it fails to show that redemption had been made from the sale.

The judgment of the court below is

REVERSED.