## RICHARDS v. WAPELLO COUNTY.

1. **Taxation:** IMPROVEMENTS UPON REALTY.    Improvements upon real property, though made at the expense of the personal estate of the owner, and diminishing the amount of personalty subject to taxation, are not to be regarded as taxable property until the real estate is again assessed in the manner provided by law.

2. ———: RECOVERY OF UNAUTHORIZED PAYMENT.    Where a party has paid, under protest, taxes which should not have been assessed, and the board of supervisors has refused to refund the amount so paid, he may maintain an action at law for the recovery of his money.

*Appeal from Wapello District Court.*

FRIDAY, JUNE 7.

THE plaintiff avers that the defendant erroneously and illegally exacted from him the payment of certain taxes, and he brings this action to recover from the county the amount thus paid.    The plaintiff is the owner of a certain lot in the city of Ottumwa, in Wapello county, upon which he erected a block of buildings, commencing in August, 1875, and completing it in March, 1876.    The lot was duly assessed in January, 1875.    In January, 1876, the block of buildings in process of construction upon the lot was assessed at five thousand six hundred dollars, and added to the amount of the plaintiff's personal assessment for that year.    The assessment of this block, the plaintiff claims, was illegal.    He paid the tax, under protest, and petitioned the board of supervisors for an order on the county treasurer to refund it, which they

refused to grant. Judgment for plaintiff for the amount paid. Defendant appeals.

*D. H. Emery* and *John B. Ennis*, for appellant.

*William McNett*, for appellee.

ADAMS, J.—I. Personal property is to be listed and assessed each year, and real property each odd numbered year.

1. TAXATION: improvement upon realty.

Code, § 812. Between the 1st of January, 1875, and the 1st of January, 1876, the plaintiff had converted about five thousand six hundred dollars of his personal property into the block of buildings in question. The county claimed that the property so converted should not be permitted to escape taxation altogether, and that it was properly assessable in some form in January, 1876. Section 812 of the Code provides that all taxable property shall be taxed each year. The property in question was not taxable as real property in 1876, because, as real property, it was simply an improvement upon the lot, which was not assessable until 1877. The property in the improvement, then, not being taxable as real property for the year 1876, and all taxable property being taxable each year by express provision of the section cited, it is claimed by the county that the improvement, for the purposes of taxation, should be regarded and assessed as personal property.

It appears to us, however, that the provision that all taxable property shall be taxed each year is not susceptible of the construction which the county would put upon it. The money used in making the improvement disappears as personal property, and the result of the expenditure appears as real property. But when it so appears it has become indentified with the lot, and is taxable only under the denomination under which the lot is known. The lot is taxed each year, although assessed only in the odd numbered years, and we think that that satisfies the requirements of the law. In one sense it is true the improvement made in the odd numbered year escapes taxation for one year, but in the same sense property escapes

JUNE TERM, 1878.        509

taxation where for any cause it is enhanced in value during the first year after the assessment upon which the taxes are levied. It is urged, however, by the county, that the plaintiff's personal property has become less by reason of making the improvement, if the improvement cannot be treated as personal property, and so his taxes are diminished, while his property in the aggregate remains the same. But this results from the fact that his personal property has really become less, and his real property, under the denomination under which alone it is assessable, remains the same. The lot in question was assessed as lot 14 in Mill donation to the city of Ottumwa. After the improvement was made the property was still lot 14 in the said Mill donation, and was assessable only as such. To hold that there should be traced out and assessed as personal property, in the even numbered years, all improvements upon real property made during the preceding year, would be adopting a construction of the statute quite different, we think, from that which has been given it in practice, and one of which, we think, it is not properly susceptible.

As to the provision that "all taxable property shall be taxed each year," we think it may be said that the enhanced value of real estate should not be regarded as taxable property until the real estate is assessed in the manner which the statute provides.

II. It is claimed by the county, however, that the plaintiff, even if he was entitled to have his taxes refunded, cannot recover in this action, because his only remedy 2. ———: recovery of unauthorized was by appeal from the action of the board of payment. supervisors in refusing to grant an order upon the county treasurer, as the plaintiff prayed. It is urged that at common law no recovery can be had for taxes illegally collected, unless the same were paid under compulsion; that the plaintiff is entitled to recover only by a provision of statute, section 870 of the Code; that the same section provides a tribunal, to-wit: the board of supervisors, to pass upon the plaintiff's right, and that that tribunal, provided by statute

to pass upon a question of statutory right, has exclusive jurisdiction of the question as an original one.    In support of this position our attention is called to the case of *Macklot v. The City of Davenport*, 17 Iowa, 379.   In that case it was held that where there is an unjust over-assessment, in distinction from an assessment of property which the law has made no provision for assessing, the party aggrieved should apply to the board of equalization for a correction; that that tribunal, being constituted for that purpose, has exclusive jurisdiction.    But the correction of an over-assessment and the recovery of money paid as taxes upon property which should not have been assessed at all are different matters.    The plaintiff has a money claim against the defendant county, differing in no essential particular from any other claim for which the county is liable.   It has wrongfully taken the plaintiff's money.   It ought to refund.

The common law doctrine, that he who voluntarily pays a tax shall not afterward be heard to say that it was illegal, is based upon the idea that he should have resisted payment. The doctrine pertained to the remedy, not to the essence of the claim.    Our statute—Code, § 870—provides for the refunding of a tax erroneously, though voluntarily, paid. We see no reason why, if the board of supervisors refused to grant the order for refunding, the plaintiff may not assert his claim in the courts.    Doubtless application should be made to the board before the county is put into costs.    But, if they refuse, it becomes a proper subject for adjudication upon allegations and proofs, according to the methods of the courts. *Wapello County v. Sinnamon*, 1 G. Greene, 413; *Lauman v. Des Moines County*, 29 Iowa, 310.

AFFIRMED.