## BROWNLEE v. MARION COUNTY.

1. **Taxation:** ILLEGAL SALE: RECOVERY FROM COUNTY. Where land was assessed to one who was neither the owner nor a mortgagee or lessee, and was sold for his personal taxes, it was held that such taxes were illegally charged upon the land, and that the owner was entitled to recover from the county, under section 870 of the Code, the amount expended in redeeming from the sale.

*Appeal from Marion District Court.*

FRIDAY, APRIL 23.

ACTION to recover certain money which the plaintiff claims he was compelled to pay in order to redeem his real estate from a sale for taxes which was caused by an illegal assessment. There was a reference to the Hon. W. M. Stone, who made a finding of facts, and his conclusions of law were entered as the judgment of the court. The defendant appeals.

*Anderson & Briggs*, for appellant.

*Crozier & Young*, for appellee.

SEEVERS, J.—The material facts as found by the referee are that the plaintiff was the owner of the real estate, and that one John Brownlee had been in possession thereof for about eight years previous to January, 1875. There was no contract or lease whereby any rent or compensation was to be paid for the use of the premises.

*1. TAXATION: illegal sale: recovery from county.*

In January, 1875, the assessor went on the premises for the purpose of listing the property, and had some conversation with John Brownlee as to whose name it should be assessed in. The assessor expressed the opinion it had better be assessed in the name of said John, as he was the sole occupant. To this John assented provided it would not affect the title. It was accordingly so assessed.

The personal taxes of John Brownlee for several years were in 1875 charged against the land.

In February, 1875 or 1876, the plaintiff applied to the treasurer at his office to separate the personal taxes of John Brownlee from the tax on the land. This the treasurer declined because he did not have the power so to do. He offered to pay the taxes on the land but the treasurer refused to receive the same. But no tender was made.

The land was afterward sold for the taxes, including the personal taxes of the said John. Afterward the plaintiff applied to the board of supervisors for relief, but it was refused. The plaintiff was compelled to and did redeem the land from the sale. In so doing he paid said personal taxes and certain interest, costs and penalties that had accrued thereon, which he seeks to recover in this action. The legal propositions discussed by counsel are:

I.   That the assessment of the land to John Brownlee is warranted by Code, § 803, because he was a lessee thereof. In support of this certain allegations in the answer are relied on, which it is said must be deemed true because not denied in a reply. Code, § 2712. But no counter-claim was pleaded and the allegations in the answer were not such as to require a denial. Code, § 2665. The answer is deemed to have been controverted by operation of law.

The finding of the referee shows that John Brownlee was not a mortgagee or lessee. At most he was only a tenant at will. Therefore there was no legal reason for assessing the land in the name of John Brownlee.

II.   The Code, § 803, provides that every inhabitant of full age and sound mind shall assist the assessor in listing the property owned by him. Because the plaintiff did not do this, and because of a presumption, which it is said must prevail, that the plaintiff had knowledge of the assessment, he must be deemed to have acquiesced therein.

It is the duty of the assessor to list and assess all taxable property. Code, § 822. There is nothing tending to show

the assessor called on the plaintiff to assist in making the assessment. On the contrary it fairly appears that the assessor had knowledge who owned the land, and he saw proper to ask the assistance of a stranger to the title.

It cannot be presumed the plaintiff knew his property had been listed in the name of another, but he had a right to presume the assessor had done his duty and listed the land in the name of the plaintiff, as he was the owner.

It is really immaterial in whose name the real estate was listed or to whom it was assessed, for the plaintiff was bound to pay the taxes thereon, and having done so, or rather redeemed from the tax sale, he does not complain so far as said taxes, interest, penalties and costs thereon were incurred. The charge of the personal taxes of John Brownlee against the land is the only thing of which complaint is made. This charge is illegal. It is not simply voidable at the election of the plaintiff, but absolutely void. The statute does not authorize the taxes of one person to be made a charge against the property of another.

The plaintiff was not bound, therefore, to apply to the board of equalization or supervisors for relief before bringing this action. *Macklot v. The City of Davenport*, 17 Iowa, 379, and other cases like it, are not applicable. In the cited case the plaintiff had been duly assessed, but with a greater amount of property than he owned, as he claimed, and it was held that such an assessment was erroneous only, and therefore he should have applied to the appropriate tribunal before bringing the action. The assessor in that case, however, had jurisdiction and the power and authority to make the assessment. In the case at bar no assessment was made against the plaintiff. There was nothing, therefore, so far as it was concerned, which he was called upon to have corrected.

The plaintiff is entitled to recover under Code, § 870. This section is substantially the same as section 762 of the Revision, which was construed in *Lauman v. Des Moines County*, 29 Iowa, 310. The only change is the omission of

certain words which, if not superfluous and for that reason omitted, in no manner affect the plaintiff's right to recover.

III. When the action was commenced the plaintiff had paid nothing, because of the illegal charge made against his property, and he did not aver he had in his petition. Instead of demurring an answer was filed and the cause referred. Before the hearing the plaintiff filed an amendment to his petition in which it was alleged he had redeemed from the tax sale and had paid a certain amount for that purpose. Afterward an amended or additional answer was filed. The defendant did not in the court below make any objections to the filing of the amendment to the petition, nor there object that there could be no recovery because it appeared no cause of action existed at the time the action was commenced. The objections now made cannot be urged for the first time in this court.

In his petition the plaintiff only asked to recover $150. The judgment rendered is for the sum of $185.54. To the extent of the excess over the amount claimed it is said the judgment is clearly erroneous. It may be, but as no motion was made below to correct such error it cannot be urged for the first time here. Code, § 3168. *Fulmer v. Fulmer*, 22 Iowa, 230; *The Savings Bank of Decorah v. Horn et al.*, 41 Id., 55.

In order to redeem the plaintiff was compelled to pay certain costs, interest and penalties. To the extent these had accrued or been caused by the personal taxes of John Brownlee judgment was rendered. The sale of the land, as between the plaintiff and defendant, for the personal tax was illegal and void, but was valid as between the plaintiff and purchaser. Code, § 870. The plaintiff might well permit the land to be sold. The defendant should not be permitted to say he did not have the legal right to do so. But he was liable only for the legal charges and penalties which were thereby incurred. For such as were illegal he may recover, because he was compelled to pay the same in order to prevent the title from vesting in the purchaser.

AFFIRMED.