## CHAPIN v. STREETER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

Submitted January 4, 1888. — Decided January 23, 1888.

The owner of an undivided half interest in personal property in possession of the whole of it, is liable for the entire tax upon it, and is not released from that liability by the payment of one-half of the tax upon the whole.

A and B, were joint owners of the furniture of a hotel. A carried on the hotel, and leased of B his half interest in the furniture at an agreed rent, which was not paid as it became due. The taxes on the furniture being unpaid, A paid one-half of the amount due for taxes and the officer distrained, advertised and sold to C the undivided half of B therein for the other half. A then hired this undivided half of C at an agreed rental, and the rent was paid. B brought suit against A to recover the rent due under the lease from him. *Held*, that A was liable for the whole tax, and being in exclusive possession of the property under his contract with B, it was his duty to pay it, and that the officer was as much bound to satisfy the tax out of A's interest in the property as out of B's, and that the facts above stated constituted no defence against B's action for the rent; nor the further fact that B notified A that if he paid his half of the taxes, he would not allow it in settlement.

THIS was an action on a contract to recover rent. The case is stated in the opinion of the court.

*Mr. L. C. Rockwell* for plaintiff in error.

*Mr. Samuel P. Rose* for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Circuit Court of the United States for the District of Colorado.

James Streeter, who was plaintiff below, recovered a judgment against Howard C. Chapin, the defendant below, for the sum of $7113.44. The case was tried by a jury, and the court instructed them to find for the plaintiff. To this instruction the exception was taken upon which the case turns here.

It appears from the bill of exceptions that in the years 1880 and 1881 the plaintiff and defendant were copartners in the business of keeping the Clarendon Hotel in Leadville, Lake County, Colorado, each owning an undivided one-half of the hotel and the furniture and personal property therein; that on the 31st day of October, 1881, this partnership was dissolved, and the defendant rented of the plaintiff the undivided half of this hotel and the furniture and personal property therein, for the term of two years. This contract was evidenced by a written instrument, which was introduced at the trial, and by other evidence it was shown on the part of the plaintiff that at that time there remained due and unpaid, for rent and interest on the several instalments as they became due, the sum of $7113.44. The defendant offered evidence to show that on the 1st day of May, 1882, the plaintiff and defendant "were indebted to the county of Lake, for taxes assessed against them on their joint property, to wit, the said hotel property and furniture, for the years 1880 and 1881, the sum of six hundred and thirty dollars:

"That, to satisfy the sum of three hundred and fifteen dollars of said taxes and the costs of sale, the treasurer of said Lake County distrained, advertised, and sold the undivided one-half of the furniture and other personal property in and about the said hotel, owned by the said Streeter and Chapin jointly."

At that sale one John W. Jacque purchased the undivided one-half of this furniture and other personal property in and about the hotel, owned by said Streeter and Chapin jointly, for $106, which was paid by him to the county treasurer.

It further appeared that previous to such distraint and sale Chapin, the defendant, had paid said treasurer one-half of the amount of $630 assessed against the property. The advertisement of the sale is copied in full in the bill of exceptions. The most important part of it is the notice by the treasurer of Lake County that he distrained the personal property of Streeter for delinquent personal taxes, and would sell the same on the 16th day of May, 1882, at the Clarendon Hotel, in the city of Leadville, or so much thereof as would be necessary to satisfy

the sum of $315.90. The property was described as the furniture of sixty-five bedrooms in that hotel, consisting of beds and bedding, chairs, washstands, bureaus, and carpets in each room; also the furniture of thirty-two bedrooms in the Tabor Opera House building, on the upper floor, three billiard tables and fixtures, bar fixtures, other office and kitchen furniture, and all the other personal property of Streeter in those buildings.

The defendant also proved that he afterwards rented the undivided one-half of the property so sold from Jacque at the rate of $275 per month, and that from the time of the sale until this suit was brought such rent amounted to the sum of $5575.

The defendant also offered to prove by his own statement that prior to the sale of this property for taxes, Streeter frequently notified him not to pay any taxes on his part of the property owned by them in common, either real or personal, and that he had declared that if he did pay such taxes on his half of the property, he would not allow it to him in their transactions as partners, nor would he pay it to him, but the court refused to allow the introduction of this testimony.

This being all the evidence, the court charged the jury that the plaintiff was entitled to recover the rent according to the contract, as to the amount of which there was no controversy. They were, therefore, directed to find a verdict for the sum of $7113.44, which was done.

It was the duty of Chapin, who was in possession of the property and in use of it at the time, to have paid the taxes. The $315 of taxes for which the distraint was made was, notwithstanding the payment of one-half of the original amount by Chapin, a joint liability upon the property of the firm. So much of the property as was necessary to pay the taxes should have been sold; being personal property, the proceedings under distraint contemplated a seizure by the treasurer, and when a sale was made a delivery by him to the purchaser.

Again, this being the joint or partnership debt of both, the payment of one-half of it by Chapin did not discharge him

from the obligation of paying the other half to the treasurer of Lake County. The sale, therefore, was a sale for the payment of his debt, a debt for which he was as liable to the county as Streeter, and which the officer was as much bound to make out of his property, or out of that of the partnership, as he was out of that which belonged to Streeter. Being in the exclusive possession and control of it during the term of the lease, by virtue of his own written contract, it was his duty to have paid this tax, and thus protected the property from sale. Through this possession, and the rent which he was paying monthly to Streeter, he had the means of protecting his own interest, and securing the repayment to himself of Streeter's half of the taxes. The obligation which he was under to protect that property by the payment of a debt for which he was personally liable is clear.

This obligation was not satisfied or discharged by the statement of Streeter to him, that if he paid Streeter's half of the taxes he would not allow it to him. Streeter could not thus make a law for the conduct of this partnership property, and governing the rights growing out of the contract of lease; nor would this statement of his, if it had been permitted to be proved, have discharged Chapin from his obligation to the county to pay the taxes levied on this property. Instead of paying the taxes, as appears from the evidence, Chapin, under a sale of this property which it was his duty to have prevented by such payment, and without any disturbance of his possession, or any attempt to disturb it by force or by legal proceedings, has voluntarily paid to Jacque over five thousand dollars as rent upon that which the latter pretended to buy for the price of $106.

The following authorities, if any are needed, support this view of the subject:

Section 2819 of the General Laws of Colorado, ed. 1883, provides that "all taxes levied or assessed upon personal property of any kind whatsoever, shall be and remain a perpetual lien upon the property so levied upon, until the whole amount of such tax is paid; and if such tax shall not be paid on or before the first day of January next succeeding such levy, it is hereby

made the duty of the county treasurer to collect the same by distress and sale of any of the personal property so taxed, or of any other personal property of the person assessed." See, also, *Stockwell* v. *Brewer*, 59 Maine, 286; *Frost* v. *Parker*, 34 N. J. Law, 71; *Eberstein* v. *Oswalt*, 47 Michigan, 254; *Meyers* v. *Dubuque County*, 49 Iowa, 193.

*The judgment of the Circuit Court is affirmed.*