S. M. BIBBINS, Appellant, v. W. W. CLARK & COM-PANY *et al.*

Taxes on Personal Property of Partnership a Lien on Realty of Partner. Taxes due on the personal property of a partnership are a lien on the real estate subsequently acquired by any of its members. Code, section 865. (2)

PRIOR MORTGAGES. The lien of taxes assessed on such personalty is subject to mortgages on such real estate, older than the lien of such personal property tax. GIVEN and ROTHROCK, JJ., *dissenting*. *Trust Company v. Young*, 81 Iowa, 732–738, *overruled*. **(3)**

Recovery of Back Taxes: Demand, a Condition Precedent. A petition to recover taxes erroneously exacted is demurrable if it fail to allege that a claim therefor has been presented to the board of supervisors. **(4)**

BY MORTGAGEE. Mortgaged land was sold for taxes levied, after the mortgage was given, on the personal property of a firm of which the mortgagor was a member, and the mortgagee was compelled to redeem the land from a sale for said tax. *Held*, that such tax could not be recovered from the county, but from the mortgagor, only. *Goodnow v. Stryker*, 61 Iowa, 261, *distinguished*. **(5)**

Practice: FAILURE TO MOVE FOR TRANSFER TO DIFFERENT FORUM. Where there is a failure to move a transfer, an objection that the suit should have been at law, can not be raised by demurrer. **(6)**

On Rehearing. Former opinion adhered to. *Brownlee v. County*, 53 Iowa, 487, criticized. *Richards v. County*, 48 Iowa, 510, and *Dickey v. County*, 58 Iowa, 289, *approved and followed*. Demand essential to recover back taxes.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY, FEBRUARY 2, 1894.

ACTION in equity. Judgment and decree for defendants. Plaintiff appeals.—*Reversed*.

*W. H. Baily* for appellant.

*Spurrier, Dowell & Parrish* for appellee Polk county.

*Dudley & Coffin* for other appellees.

KINNE, J.—I. The facts in this case are that during the years 1886, 1887 and 1888 defendants W. W. Clark, Lavina W. Clark and A. W. Ford were copartners doing business in the city of Des Moines under the firm name of W. W. Clark & Company; that one half of the taxes upon the personal property of W. W. Clark

& Company for 1887 were not paid by them, and the entire taxes upon their personal property for 1888 were not paid by them; that November 1, 1888, M. W. Bibbins sold and conveyed to W. W. Clark certain lots in Lee township, city of Des Moines, subject to a mortgage of ten thousand dollars and interest, which grantee assumed and agreed to pay as a part of the purchase price of said property; that as a part of said transaction, and simultaneously with the execution of said deed, W. W. Clark, for a part of the purchase price of said lots, executed and delivered to Bibbins a purchase-money mortgage on said lots (afterwards assigned to plaintiff), in which he covenanted that said premises were free from incumbrance, except said mortgage of ten thousand dollars, and that he would warrant and defend the title of said premises against all persons lawfully claiming the same; that December 7, 1889, W. W. Clark conveyed the lots to Lavina W. Clark; that January 7, 1890, plaintiff obtained, in Polk county district court, against W. W. Clark and Lavina W. Clark, a decree foreclosing said purchase-money mortgage, and under a special execution thereon the lots were sold to her at sheriff's sale, February 19, 1890, for the full amount of the mortgage debt; that December 7, 1890, the treasurer of Polk county sold said lots at tax sale to A. C. Miller for the said unpaid personal property taxes of W. W. Clark & Company, amounting to three hundred and ninety-nine dollars and twenty-three cents, and executed to him a tax-sale certificate; that February 20, 1891, plaintiff received a sheriff's deed for said property, and on March 23, 1891, brought this action; that in January, 1891, after the sheriff's sale to plaintiff, the Clarks having failed to pay interest on the ten thousand dollar mortgage, the holder brought suit to foreclose said mortgage, and in June, 1891, after the present suit was brought, plaintiff, to prevent loss, and obtain an extension and renewal of said mortgage,

was compelled to pay said personal property taxes and redeem from said tax sale to Miller; that at all of the times aforesaid W. W. Clark and Lavina W. Clark were the owners of certain real estate described, which was primarily liable for said personal property taxes. Plaintiff prays judgment against Polk county, W. W. Clark & Company, W. W. Clark, Lavina W. Clark, and A. W. Ford, and each of them, for the amount of said taxes, interest, and costs; that the tax sale be set aside, annulled, and ordered returned and refunded; that defendants' said property be decreed primarily liable for said taxes, and a special execution issue for the sale thereof; that plaintiff have such other and further relief as in equity she ought to receive. To the amended petition all of the defendants demur, alleging that the facts stated do not entitle plaintiff to the relief demanded, and defendant W. W. Clark further alleging that, if, upon the facts stated, defendant is liable to plaintiff for said taxes, plaintiff has a complete and adequate remedy at law. The district court having sustained the demurrers, plaintiff elected to stand upon her petition as amended, and, from the rulings on the demurrers and the judgment dismissing her petition and for costs, she brings this appeal.

II. Our statute provides that "taxes upon real property are hereby made a perpetual lien thereon against all persons, except the United States and this state; and taxes due from any person upon personal property shall be a lien upon any real property owned by such person, or to which he may acquire a title, and the treasurer is authorized and directed to collect the delinquent taxes by the sale of any property upon which the taxes are levied, or any other personal or real property belonging to the person to whom the taxes are assessed." Code, section 865. The taxes in controversy were assessed on personalty of the firm of W. W. Clark & Company. The real estate sought to

be holden for said taxes, and which was sold therefor, had been deeded by one M. W. Bibbins to W. W. Clark, a member of said firm. It is claimed that, as the taxes were assessed against the firm on its property, and as the lots had been deeded to Clark individually, the case is not within the statute above quoted, which makes taxes "due from any person a lien upon any property owned by such person;" that in fact the owner of the property and the person from whom the taxes are due are not the same. The question thus presented is, may taxes assessed against a firm on its personal property become a lien on the individual real estate of a partner? While it is true that taxes assessed on firm property are a demand against the partnership as such, they are also a demand against each member of the copartnership. Each copartner is liable individually for the firm debts and obligations, and these include taxes. These taxes, being due from Clark as a copartner as well as from the firm, would become a lien upon his real estate. See *Chapin v. Streeter*, 124 U. S. 360, 8 Sup. Ct. 529.

III. It is conceded by counsel that the facts in this case present for our determination the same question as that involved in the case of *Trust Co. v. Young*, 81 Iowa, 732, 39 N. W. Rep. 116, and 46 N. W. Rep. 1103. It was there held that taxes on personal property which became a lien upon mortgaged real estate after foreclosure and sale of the mortgaged premises, and prior to the expiration of the period of redemption, were a lien superior to any right acquired by the holders of the mortgage by virtue of the foreclosure and sale of the property. On a rehearing, the majority of the court as then constituted adhered to the doctrine announced in the original opinion, Justices GRANGER and ROBINSON dissenting. The writer, who has since become a member of the court, while appreciating the importance of the question presented, and being fully

impressed with the necessity of adhering to established precedents, is, nevertheless, unable to concur in the opinion of the majority of the court as then constituted in so far as it relates to the priority of liens. Taxes become liens by virtue of statute only, and, when created, the lien is not to be enlarged by judicial construction. Cooley, Tax., 444; Desty, Tax., 734; *Jaffray v. Anderson,* 66 Iowa, 719, 24 N. W. Rep. 527; *Trust Co. v. Young,* 81 Iowa, 732 and 738, 39 N. W. Rep. 116, and 46 N. W. Rep. 1103. Now, our statute does not provide, either expressly or by implication, that taxes due upon personal property shall be a lien upon real estate owned by such person, superior to any lien then existing thereon. It simply says, as to such taxes, they shall be a lien upon any real estate he owns, or which he may afterward acquire. To hold that a mere statutory creation of a lien upon real estate, without more, is equivalent to, and to be construed as, creating a lien superior to existing liens thereon, is, as it seems to us, not only overriding all rules of construction, but it is inconsistent with our holding in the construction of other statutes where similar language is employed. The statute provides that judgments of the supreme and district courts of this state "are liens upon the real estate owned by the defendant at the time of such rendition, and also upon all he may subsequently acquire for the period of ten years from the date of the judgment." Code, section 2882. It has never been claimed under that statute that a judgment was thereby made a lien prior to an existing lien upon the real estate of the party. Yet, applying the rule of the majority opinion in the *Young case,* it could be said with as much reason as in the case at bar, that the lien thus created by statute was superior to all existing liens against the real estate of the judgment debtor. So it is provided in bastardy proceedings that, upon filing the complaint, "a lien

shall be created upon the real property of the accused,"
etc. Code, section 4716. Was the claim ever made
that such a lien was superior to all others then existing
against the land of the accused? In these and other
cases which might be cited, the language used to give
the lien is general, as in the case at bar. In none of
them is it said that the lien shall be prior to existing
liens, but in each case the priority of the lien is left to
be determined by the rules of law applicable to all liens
in the absence of special provisions. An examination
of our statutes will show that when the legislature has
intended to create a lien which should take precedence
of existing liens, apt language has been used to express
such intention. See Code, section 1558, and chapter
100, Acts, Sixteenth General Assembly. The section
under consideration makes a clear distinction between
liens upon real estate for taxes assessed thereon and
liens upon real estate for taxes assessed upon personal
property. In the former case the lien is "against all
persons," and "perpetual;" in the latter it is simply
declared that there shall be a lien.

Now, in the opinion referred to, this language of
the statute is so enlarged by construction that, in effect,
the statute is made to say that this lien upon real
estate for personal taxes shall be superior to all other
liens then existing against said real estate. The statute
does not say so, the legislature has not so declared, nor
can any such result be reached by applying to this
provision of the statute the same rule of construction
applied to like language used elsewhere in the Code.
Why should a special rule of construction be created
for this particular statute? What reason is there for
saying that this provision, simply creating a lien,
means more than it says? In the *Young case* it is said
in the majority opinion: "It is a general principle in
our system of taxation that when taxes are made a lien
upon real estate they become prior and superior to all

mortgage or judgment liens." As to taxes assessed against personalty and· by statute made a lien upon realty, without provisions for priority, the above statement, in our judgment, finds no support in the authorities. Touching this question, the supreme court of South Dakota, in the recent case of *Miller v. Anderson*, 47 N. W. 957, said: "But, reading the entire section, 1612, together, it is inexplicable to us why, if the legislature intended to put both real and personal taxes on a common footing, and make them both liens to the same extent and of the same rank, they should not have used terms at least suggestive of such intent. If by force of a general principle, as stated in the majority opinion of the supreme court of Iowa, hereinafter referred to, the lien declared was necessarily a first one, why was it not as safe to rely upon that principle in the case of real estate taxes as in the case of personal property taxes? As to the former, they were careful to state that the lien was 'against all persons;' thus definitely fixing its rank as a lien; and then, in direct contradistinction as to personal property taxes, they provide that they shall simply be a lien. Gathering the meaning and intent of this act from its language (and this is a primary rule of construction), we conclude that that part of said section 1612 which relates to personal property taxes, gives a lien for the same to the tax creditor from the time they became due upon any real property then owned or subsequently acquired by the tax debtor, subject, however, as in case of other liens created by law, to general statutes· governing questions of priority or rank." A majority of the court as now constituted is in full accord with the views expressed by Mr. Justice GRANGER in his dissenting opinion in the *Young case*. The writer has given this question a careful investigation, and is convinced that the rule of the majority opinion in the *Young case* is wrong, and that by it the letter and spirit of the statute

is unwarrantably extended by judicial construction to the great detriment of other lien holders, and an effect given to that part of the statute never contemplated by the legislature. All that the statute provides as to personal tax being a lien upon real estate is that it shall be a lien, and as such it must be held to come within the general rule that its priority is to be determined as of the time the lien attached. In view of the very full discussion of this question in the *Young case* we need not say more. The mortgage lien of plaintiff, having attached to the lots prior to the time the taxes on the personalty became a lien thereon, must be held to be superior to the tax lien. The case of *Trust Co. v. Young*, heretofore referred to, in so far as it holds that taxes assessed against personal property, and which become a lien upon real estate, are a lien thereon prior and superior to existing liens thereon, must be and is overruled.

IV. Can the plaintiff recover from the county the amount of taxes paid, with interest thereon? Plaintiff seems to base her right to recover upon section 870 of the Code. That section provides: "The board of supervisors shall direct the treasurer to refund to the taxpayer any tax, or any portion of a tax, found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon, and in case any real property subject to taxation shall be sold for the payment of such erroneous tax, interest or costs as above mentioned, the error or irregularity in the tax may at any time be corrected as above provided, and shall not affect the validity of the sale, or the right or title conveyed by the treasurer's deed, if the property was subject to taxation for any of the purposes for which any portion of the taxes for which the land was sold was levied, and the taxes were not paid before the sale and the property had not been redeemed from sale." If it be conceded that plaintiff's case is within the provi-

sions of this statute, still she can not recover as against Polk county. The demurrer is the one usually interposed in equitable actions, and by it the sufficiency of the facts stated to constitute a cause of action against the county are questioned. Under our statute, before one holding an unliquidated demand against a county can sue thereon, he must present the same to the board of supervisors of the county, and demand payment thereof. This is preliminary to his right to prosecute an action against the county. It is not alleged in the bill in this case that this claim was ever presented to the board of supervisors, and payment demanded. Code, section 2610.

If we treat the claim for a refunding as a liquidated claim or demand against the county, then it seems to us under the wording of Code, section 870, heretofore quoted, it must be presented for allowance to the board before suit can be instituted. It says the board of supervisors shall direct the treasurer to refund, etc. Clearly, the statute contemplates that the board shall have an opportunity to refund without suit, and without being compelled to pay further costs incident to litigation, which they might be willing to avoid by refunding, if they were asked so to do, before an action was commenced. Here is a party claiming a refunding of certain money paid in redemption from tax sale. It is reasonable that the board should have an opportunity to pass upon the justness of his demand before the county can be put to the payment of costs. *Brownlee v. Marion Co.*, 53 Iowa, 488, 5 N. W. Rep. 610; *Dickey v. County of Polk,* 58 Iowa, 289, 12 N. W. Rep. 290; *Richards v. Wapello Co.*, 48 Iowa, 510.

V.  Is plaintiff entitled to a judgment against the other defendants? It was the duty of these defendants to pay these taxes, and, as we have held in another division of this opinion, that duty rested upon them as a copartnership and also as individuals. Plaintiff re-

deemed from a tax sale of the real estate for these taxes, being compelled to do so to protect her interest in the land, and to procure an extension of the insurance company's mortage on the premises which was prior to her own mortgage. The case is peculiar. As to all these defendants (except W. W. Clark) we discover nothing from which we can say that a promise or contract to refund the amount paid by plaintiff can be inferred. They were under no obligations to the plaintiff to pay these taxes, only in so far as that, as good citizens, it was their duty to do so. The taxes were not assessed against this land. The title to the land was not in dispute. No benefit was conferred upon their title because plaintiff made redemption, for they claimed no title to the land. The only conceivable benefit of the redemption to them was that thereby an obligation due from them to the government was discharged. If one could make another his debtor by simply paying his debt, then justice would require that these defendants should be held liable to plaintiff for the amount of their debt which she has paid. But it is said that one can not thus make another his debtor without the latter's request or consent. *Homestead Co. v. Valley Railroad,* 17 Wall. 166; *Garrigan v. Knight,* 47 Iowa, 527. The case is unlike *Goodnow v. Stryker,* 61 Iowa, 261, 16 N. W. Rep. 486, or any other called to our attention, for the reasons above given. So far as these defendants (except W. W. Clark) are concerned, there is no obligation resting upon them to reimburse plaintiff for the amount paid by her in redemption of these lots.

VI. It seems to us that W. W. Clark is impliedly bound to reimburse the plaintiff for the amount she has expended in redeeming these lots from tax sale with interest and costs. He knew these taxes were unpaid. He knew that they would in time become a lien upon these lots. The payment of these taxes, as we have said, was a matter of necessity for plaintiff in order to

preserve her lien. It was in no sense a voluntary pay-
ment. In paying these taxes she was not meddling
with that which did not concern her. Clark was the
owner of the lots. He owed it to the state and county
to pay these taxes. As a mortgagor of plaintiff's as-
signor, he ought not to be permitted to take advantage
of his own negligence in failing to pay these taxes,
which were outstanding when he executed the purchase-
money mortgage, and which, although technically not
liens against the lots at the time that mortgage was
executed, were, nevertheless, claims against Clark which
would ripen into liens in due time, impairing the value
of the security he had given plaintiff.

We think, under all the facts of this case, plaintiff
should recover from Clark. It is said that, even if plain-
tiff is entitled to recover of Clark, she has adopted the
wrong kind of proceedings; that she should have
brought her action at law. That question can not be
raised by demurrer. Having failed to move to transfer
the cause to the proper side of the calendar in the court
below, defendants have waived the error, if any, in the
form of the proceedings. Code, section 2519. The
court erred in sustaining the demurrer of the defendant
W. W. Clark, and for that reason the decision below is
REVERSED.

GIVEN and ROTHROCK, JJ., dissenting as to third
division of the opinion.

SUPPLEMENTAL OPINION.

SATURDAY, MAY 26, 1894.

PER CURIAM.—Appellant contends that the plain-
tiff's demand is liquidated, and hence we erred in hold-
ing that the claim must be presented to the board of
supervisors before an action could be maintained
thereon. *Brownlee v. Marion Co.*, 53 Iowa, 487, 5. N.

W. Rep. 610, is relied upon. That case, in some of its facts, is unlike the one at bar. In it the plaintiff applied to the board of supervisors for relief before redeeming; and it does not appear as to whether or not he presented his claim to the board after he had made the redemption, and before he instituted his action. Some language is used in the opinion in that case to the effect that plaintiff was not bound to present his claim to the board in advance of bringing suit; but, as we have said, it does not appear from the statement of facts that that question was properly before the court for determination. In view of this fact, and because of the holding in *Richards v. Wapello Co.*, 48 Iowa, 510, and *Dickey v. County of Polk*, 58 Iowa, 289, 12 N. W. Rep. 290, and for the further reason that our construction of the statute seems proper, and effectuates justice, while working no hardship to claimants, the petition for a rehearing must be overruled, and the original opinion (57 N. W. Rep. 884) adhered to.