H. H. HARRINGTON v. THE VALLEY SAVINGS BANK, Appellant.

Taxation: SALE FOR ORDINARY TAXES: SPECIAL ASSESSMENTS: PRIORITY
1    OF LIENS. A purchaser of land sold for ordinary taxes takes
the title free from the lien of a special assessment which has
not attached at the time of the sale.

*Appeal from. Polk District Court.*—HON. C. P. HOLMES,
Judge.

FRIDAY, JANUARY 30, 1903.

CERTAIN lots in the city of Des Moines were sold in
December, 1896, for the ordinary taxes of 1895, and in
November, 1900, a tax deed was made to the ·plaintiff.
In April, 1895, street improvements were regularly ordered
in front of these lots, which were completed later, and the
costs thereof assessed upon the lots in September, 1897,
for which assessment certificates issued, which are now
held by the appellant. This action is to enjoin the enforce-
ment of this special assessment against the lots. There
was a decree for the plaintiff, and the bank appeals.—
*Affirmed.*

*Woodin, Nichols & Ayres* for appellant.

*Baily & Stipp* for appellee.

SHERWIN, J.—Section 1347 of McClain's Code provided
that all taxes upon real property should become a "per-
petual lien thereon against all persons except the United
States and this state." The street improvement for which
the special assessment was made was commenced in 1897,
and the assessment was under section 12, chapter 7, Acts
25th General Assembly, the material part of which reads
as follows: "Said assessment  *  *  *  shall be a lien

upon * * * the entire property upon which said tax is levied, from the commencement of the work, and shall remain a lien until fully paid and shall have precedence over all other liens except ordinary taxes.'' Under this act the special assessment became a lien upon the property from the commencement of the work, and not before; so that when the lien for the ordinary taxes of 1895 attached, and when the property sold therefor, it was not liable for the special assessment, and no lien then existed on the property on account thereof. The sale for the ordinary taxes transferred to the purchaser the lien provided by the statute. *Eldridge v. Kuehle*, 27 Iowa, 160; *Mallory v. French*, 38 Iowa, 431.

It is claimed by the appellant that because of the provision in section twelve above noted, making the special assessment a lien upon the property taking precedence over ''all other liens except ordinary taxes,'' the lien for such assessment is equal to the lien for the ordinary taxes, and this without reference to the time when the respective liens should attach. Whatever may be the rights of parties holding liens for special taxes which have attached when a sale for ordinary taxes is made, or for taxes which become a lien concurrently with that of the ordinary taxes, we think it clear that in this case the appellant's lien was junior to that of the ordinary taxes. When the sale for these taxes was made in 1896, there was no special assessment or lien therefor, and hence the treasurer could not sell for both the ordinary and the special tax, and the purchaser at this sale did in fact pay all taxes then assessed or due against the property; and in this respect this case differs from *Dennison v. City of Keokuk*, 45 Iowa, 266, where it was held that a sale for state and county taxes did not divest the lien of the city for unpaid taxes of previous years. Here, as we have seen, the appellee's lien was first in point of time, and, unless affected by the special assessment statute, would be superior to all the subsequent

liens of whatever kind, and when enforced by sale of the land the purchasers took a valid and unimpeachable title. *Bibbins v. Clark*, 90 Iowa, 230. We do not think the legislature intended to destroy this priority of lien by the statute in question. Such statutes are not to be enlarged by judicial construction, and there is certainly nothing in the language of the act which would justify us in adopting the appellant's contention.

The judgment is AFFIRMED.