DES MOINES WATER COMPANY, Appellant, v. WILLIAM M. HAMMILL, County Treasurer, Appellee.

TAXATION: Levy and Assessment—"Buildings" Defined. "Water
1   mains and galleries" laid by a private water company in its real estate after the assessment of the real estate in an odd-numbered year are not "buildings," within the meaning of Sec. 1350, Code, 1897, and the value thereof may not be added, in an even-numbered year, to the value of the real estate.

TAXATION: Assessment and Levy—"Omitted Real Estate." The
2   value of a betterment (other than real estate) added to real estate after its assessment in an odd-numbered year, may not be treated in the next following year as "omitted real estate." (See Sec. 1350, Code, 1897.)

TAXATION: Assessment and Levy—Void Assessment—Appeal. One
3   who is aggrieved by a *void* assessment need not appeal to the local board of review—may proceed directly in equity. (Sec. 1373, Code Supp., 1913.)

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 22, 1919.

SUIT against the county treasurer, to cancel upon his books certain entries which purported to have levied taxes under a void and illegal assessment. There was a demurrer

to the petition, which was sustained, and plaintiff appeals.
—*Reversed.*

*Parrish & Cohen,* for appellant.

*Henry & Henry,* for appellee.

EVANS, J.—The facts set forth in the petition are, in
substance, that the real estate of the plaintiff was all duly
assessed for taxation in the odd-numbered year 1917; that
thereafter, the plaintiff laid in its real es-
tate certain additional water pipes and
galleries, to the value of $30,000; that, in
the year 1918, the assessor purported to as-
sess said mains and galleries, pursuant to
Section 1350 of the Code, as "buildings," constructed upon
such real estate since the regular assessment was made.
The petition avers that such purported assessment was il-
legal and void, and that the assessor had no jurisdiction
whatever to make the same. It will be seen from the fore-
going that the real question in the case is whether such
water pipes and galleries are "buildings," within the mean-
ing of such statute. Section 1350 provides as follows:

1. TAXATION:
levy and as-
sessment:
"buildings"
defined.

"Property shall be taxed each year, and personal prop-
erty shall be listed and assessed each year in the name of
the owner thereof on the first day of January. Real estate
shall be listed and valued in each odd-numbered year, and
in each year in which real estate is not regularly assessed
the assessor shall list and assess any real property not in-
cluded in the previous assessment, and also any *buildings*
erected since the previous assessment, with a minute of the
tract or lot of land whereon the same are situated, and the
auditor shall thereupon enter the taxable value of such
*buildings* on the tax list as a part of the real estate to be
taxed."

We are quite clear that the term, as used in the statute,
cannot fairly be applied to these betterments. The term
appears to be used in its ordinary sense, and applies to

structures built upon the real estate. There was no attempt in the statute to include all forms of betterment. It is argued that the statute requires the taxation of all property of every kind. That is true. It also provides the method of assessment and listing for taxation. Under this method, real estate is assessed only once in two years. Its assessment, when made, remains binding for the two years, regardless of increase or decrease in valuation. In this case, the real estate of the plaintiff was assessed in 1917 for $2,700,000. It is hardly conceivable that such value might not fluctuate in the course of two years, but the assessment is not affected thereby. Depreciation and betterment are constant factors, the one tending to offset the other. Except as to "buildings," it is the policy of the law to disregard both depreciation and betterment for the two-year period. While such rule operates to the escape of betterments from taxation for a brief period, nevertheless it operates equitably upon all alike. For instance, when a farm is assessed in the odd-numbered year, yet improvement and betterment goes on. If buildings are erected, they may be assessed in the following year. But a considerable field of improvement is left which does not come within this provision of the statute. The landowner might increase the value of his farm materially by special cultivation, by fertilizing and liming, by grubbing stumps, by removing boulders, by planting trees, or by laying tile drains. Doubtless, no one would claim that any of such improvements could be classified as buildings. And yet the laying of tile drains is quite similar in its nature to the laying of water pipes, so far as its relation to the real estate is concerned. The statute could be made broad enough to include all betterments here enumerated, but it does not do so.

It is next urged by the appellee that, if this betterment cannot be classified as buildings, it is, at least, omit-

ted real estate. That these betterments became a part of the real estate is clear. The real estate, however, of which they became a part was assessed in the year 1917. These betterments were not assessed as a part thereof, because they were not in existence. They were not, therefore, omitted real estate. This point is ruled in *Richards v. Wapello County*, 48 Iowa 507.

**2. TAXATION:** levy and assessment: "omitted real estate."

It is further urged that the plaintiff should have appealed from the action of the assessor, and that, having failed to do so, he has no remedy in equity. If the assessor had acted within his jurisdiction, then an appeal would have been the appropriate remedy, under Section 1373, Code Supplement, 1913. The plaintiff is not attacking the valuation placed by the assessor, nor disputing any fact found by him. Its challenge is to the power of the assessor to make any finding upon the subject. Its challenge is based wholly upon a proposition of law. Unless the assessment is incurably void *in toto*, the plaintiff concedes it cannot maintain this suit. What we have already said indicates our view that the assessor did act without power, and that his assessment and the levy pursuant thereto are wholly void. The judgment of the district court must, therefore, be—*Reversed.*

**3. TAXATION:** levy and assessment: void assessment: appeal.

LADD, C. J., PRESTON and SALINGER, JJ., concur.