B. O. MONTGOMERY, Appellee, v. CITY OF DES MOINES et al.,
Appellants.

**TAXATION: Tax Deed Destroys Lien of Special Assessment.** A tax
1   deed issued on a sale for ordinary taxes displaces the lien of a special assessment which attached *after* the sale and *before* the issuance of the deed.

**COURTS: Rule of Decision—Stare Decisis.** Principle reaffirmed that
2   the courts will rarely overrule a decision which has become a rule of property.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

JANUARY 11, 1921.

SUIT to quiet title, and to remove the cloud of a purported lien of a special assessment against a city lot for street improvements. There was a decree as prayed, and the defendants appeal.—*Affirmed.*

*L. B. Bartholomew, L. M. Grimes, C. W. Lyon, Edwin J. Frisk, Chauncey A. Weaver,* and *Russell Jordan,* for appellants.

*Nelson Royal* and *Geo. Harnagel,* for appellee.

EVANS, C. J.—The case is tried upon an agreed statement of facts. The plaintiff is the holder of a treasurer's deed, pursuant to a tax sale of a certain lot in the city of Des Moines.

1. TAXATION: tax deed destroys lien of special assessment.

After the lot had been sold at tax sale, and before the expiration of the time for the issuance of a tax deed, certain street improvements were ordered, and special assessments for such improvements were made upon such lot as an abutting lot, and in proportion to benefit. The contention of plaintiff is that, when he obtained his treasurer's deed, it conveyed to him the title, free of all liens except liens for ordinary taxes, and that his title was superior to the special assessment made after the tax sale, and before the issuance of a tax deed..

The point thus in issue appears to have been directly ruled on by us in the case of *Harrington v. Valley Sav. Bank,* 119 Iowa 312. The appellants, in their opening brief, concede that the holding in that case is fatal to them, and they

2. COURTS: rule of decision: stare decisis.

ask that such holding be reconsidered, and that the cited case be overruled. It is sufficient for us to say that the holding thus assailed is of such a nature as to have become a rule of property. To overrule such a case involves the defeat of rights that have been vested in reliance upon the previous holding. For that reason, it is only in rare instances that courts feel justified in overruling such a case. The suitable place of remedy in such a case is the legislature. It can change a rule of law without interfering with vested rights. We cannot do so. If we should overrule the cited case, the effect of our ruling would necessarily be retroactive, as well as prospective. Legislation is prospective.

The argument for appellant is that the rule works an injustice, in that the holder of the tax deed obtains the benefit of improvements which have enhanced the value of the property since his bid was made thereon, and that there is no equitable reason why he should not bear his share of cost of the special

benefits thus conferred upon him. The argument has its force. If the question were open, we should deem it worthy of much consideration.

We do not overlook that, in appellants' reply brief, they have withdrawn somewhat the concession made in their opening brief that there is no material difference between the present statute and the statute which was in force when the *Harrington* case was decided. In their reply brief, they set forth that they have discovered a material change in the statute, and that for such reason the cited case does not control. The statute in force which was construed in the *Harrington* case contained the following provision:

"Said assessment * * * shall be a lien upon * * * the entire property on which such tax is levied, from the commencement of the work, and shall remain a lien until fully paid, and shall have precedence over all other liens except ordinary taxes." Acts of the Twenty-fifth General Assembly; Chapter 7, Section 12.

The present statute, Section 816 of the 1913 Supplement, contains the following:

" * * * Thereupon all special taxes for the cost thereof, or any part of said cost, which are to be assessed and levied against real property, or any railway or street railway, together with all interest and penalties on all of said assessments, shall become and remain a lien on such property from the date of the filing of said papers with the county auditor until paid, and shall have precedence over all other liens except ordinary taxes."

So far as the question here involved is concerned, we see no material difference between the two statutes. We hold, therefore, that the point is clearly ruled by the *Harrington* case. The decree below is, therefore,—*Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.