### Brown v. Bryan *et al.*

**Intervention: PRACTICE: RAILROAD.** In a proceeding to enjoin the collection of a tax voted to aid in the construction of a railroad through a particular township, under the act for that purpose, the railroad company constructing the road through such township, and to be benefited by the tax, may properly intervene, for the purpose of interposing a defense.

*Appeal from Jackson District Court.*

MONDAY, JUNE 19.

The plaintiffs, Morris R. Brown, for himself and a hundred and thirteen others, tax payers and property-holders of Bellevue township, filed his petition, making James A. Bryan, treasurer of Jackson county, and B. W. Seward, collector of Bellevue township, defendants. The petition avers that on the 20th of August, 1870, a tax of five per cent upon the property in said township was voted in aid of the construction of the Dubuque, Bellevue & Mississippi railroad; that the law was not fully complied with; that illegal votes were cast for it; that bribery was used; that a majority of the legal voters did not vote for it; that at a previous election a majority had voted against it; that the registration of voters was not properly made; that it is a vote in aid of a private corporation; that the law is unconstitutional; that the tax is unequal and unjust, for that other townships equally benefited have not voted the tax; that the present indebtedness of the township exceeds five per cent of its valuation; that only two miles of the road are in the township, and twice the amount of the tax cannot be properly expended on it therein. The petitioner asks an injunction against the collection of the tax, etc.

At the first term after the petition was filed, the Dubuque, Bellevue and Mississippi Railway Company filed a petition of intervention, alleging each fact specifically, showing the regularity of the vote of the tax in question; that a levy of the tax had been duly made; that the said company relying thereon had put the entire line of road from Dubuque to Bellevue under contract for construction; that in November work was commenced, and a large portion of the grading in said township was already done, and the whole was being finished as rapidly as possible, and by August, 1871, would be so completed as to entitle said company to receive the tax; that the defendant Bryan had no interest in the suit, and the defendant Seward was interested with the plaintiffs and active in its prosecution; that, if permitted to intervene, the company could make a good and valid defense to the action; it asked to intervene and become defendant.

Plaintiff demurred to the petition for intervention; demurrer sustained, and judgment rendered perpetually enjoining the collection of the tax, and the railway company appeals.

*S. P. Adams* and *D. A. Wynkoop* for the appellant.

*L. A. Ellis, Wm. Graham* and *S. S. Simpson* for the appellee.

COLE, J. — The grounds of the demurrer to the petition for intervention are, that it does not state facts sufficient to entitle the railroad company to intervene; to give it any standing in the action, or to show any equity. Our statute says that any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both. * * * Rev., § 2930. The right to intervene is a question wholly independent of the merits of the plaintiff's case; that is to say, it may be conceded that the plaintiff's

Brown v. Bryan.

petition shows a good cause of action, without at all prejudicing the right of the railway company to intervene.

The tax was voted, under the law, to aid in the construction of the Dubuque, Bellevue and Mississippi Railway; the petitioner avers that, relying upon said tax so voted and levied in aid of the construction of its railway, it had expended its money and was proceeding to finish the road so as to be entitled to the tax so voted. Does not this show an interest in the matter in litigation? We are of the opinion it does, and that the petitioner is clearly within both the letter and spirit of the statute. It is true the petitioner does not show a present right to receive the tax voted, but it does show a vested, though inchoate, right, which, it is averred, will ripen into a perfect title to the proceeds of the tax. Under such circumstances the railway company was not only a proper party to the action, but it was a necessary party in order to a complete, final and binding determination of the questions involved in the action. See opinions of DILLON, Ch. J., in *Ex parte Holman et al.*, 28 Iowa, 88.

The argument that the petitioner may not complete the road, and may leave the work for a future company to do, as has been the case with many other railroad companies in Iowa, is answered by the fact that the demurrer admits the allegations of the petitioner to the contrary. So of the argument as to the absence of interest in the matter in litigation, the petitioner shows a present and vested interest, though the right to receive the money has not fully ripened.

The judgment must be set aside, and the cause remanded, with directions to overrule the demurrer to the petition for intervention, and for further proceedings not inconsistent with this opinion.

Reversed.

BECK, J., dissenting.