Des Moines Brick Manufacturing Company, Appellant, v. William T. Smith *et al.,* Wilhelmina Leveke, Intervener.

**Public Improvements:** LIENS: *Priority.* The lien of street-paving certificates inferior in point of time to a lien based upon the certificates issued for curbing the same street is not rendered superior to the latter lien by Laws Twenty-first General Assembly, chapter 168, section 13, providing that special assessments for paving, curbing, and sewering streets shall be a lien upon the abutting

property from the commencement of the work, to remain until fully paid, and shall have precedence over all other liens excepting ordieary taxes.

**Paving Assessment:** INTEREST. Acts Twenty-second General Assemly, chapter 5, amending Acts Twenty-first General Assembly, chapter 168, section 12, provides that assessments for paving streets shall be payable to the county treasurer, with 6 per cent. interest, and collected in the same manner and bear the same penalties as provided for the collection of other taxes, Code 1873, sections 478, 479, provides that assessments may be collected by suit either in the name of the municipality or the person to whom it shall have directed payment, and that in case of default in payment the municipality may recover, in addition to the amount assessed and interest at 10 per cent., 5 per cent. for expenses of collection. *Held*, that a private person suing to recover the assessment is entitled to only 6 per cent. interest.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

THURSDAY, MAY 11, 1899.

ACTION in equity to enforce and foreclose a lien upon real estate of defendant Smith. The lien is claimed under certain certificates issued for paving a street upon which the property abuts. The intervener claims, and by cross bill seeks to foreclose, a lien in her favor, based upon certificates issued for curbing the same street. The contest is as to the priority of these liens. The district court gave judgment in intervener's favor. Plaintiff appeals.—*Affirmed.*

*Guernsey & Granger* for appellant.

*A. P. Chamberlain* for intervener.

*Connor & Weaver* for other appellees.

WATERMAN, J.—The only issue presented is between plaintiff and intervener, and it relates to the priority of their respective liens. Which is to have precedence of the other is the only question in the case. The certificates held by intervener were issued in payment for curbing East Grand

avenue in the city of Des Moines. The contract for this work was let about August 19, 1891, and the work was completed during that year. The certificates therefor were issued March 16, 1893. The certificates held by plaintiff were given, as already said, in payment for paving the same street. The contract for this work was let about April 15, 1892; the labor was done during the year 1893, and the certificates were issued May 19th of that year. It is apparent that the lien of the intervener was first in point of time. The contention of plaintiff is that its later lien supersedes the other. The rule, in the absence of statutory provision to the contrary, is that liens take precedence in the order of time; the first in point of time being superior. The only exception to this that we now recall is a bottomry bond, and it is expressly recognized by text writers as differing in this respect from all other common law liens. 3 Kent Commentaries, 437. This order of priority will not be disturbed or altered, unless expressly provided by statute. *Smith v. Skow,* 97 Iowa, 640; *Bibbins v. Clark,* 90 Iowa, 230.

We come, then, to an investigation of the statutory provisions with relation to liens of the character of those involved. It is conceded that this case is governed by chapter 168, Laws Twenty-first General Assembly. Section 13 of that act is as follows: "Said assessments with interest accruing thereon shall be a lien upon the property abutting upon the street or streets on which any such improvement is made from the commencement of the work, and shall remain a lien until fully paid, and shall have precedence over all other liens, excepting the ordinary taxes, and shall not be divested by any judicial sale, provided that such lien shall be limited to the lots bounding or abutting on such street or streets, and not exceeding in depth therefrom one hundred and fifty feet." It is upon the construction of this section that the rights of the parties depend. If the section stood alone, there would be much warrant for the claim made by appellant that

the last lien so given displaced all other previous liens upon the property. But, in order to properly interpret this part of the chapter, we must look to its context. This act begins with a grant of power to certain cities to levy special assess- ments for paving, curbing, or sewering streets. These three distinct kinds of improvement may be made and paid for by levying the cost against abutting property. As the law proceeds, it treats of these improvements as a class. Nowhere does it distinguish between them, or attempt to set off one as against the others. When section 13 is reached, the lien for such cost is provided for, not of either one of these improve- ments, but of the whole class, and it is said such lien "shall have precedence over all other liens, excepting ordinary taxes." Looking at it in this way, it would seem clear that the "other liens" mentioned are liens of some other class or kind. There appears to be good reason, too, for so construing this act. It would be something unusual to say that the municipality might, by its own voluntary act, displace a lien which, under the law, it had given. We are asked now to hold that after the city, through its acts, has given to one party a lien, it can without his consent and against his will, displace, and perhaps destroy, it, by creating another lien in favor of some other person. This right may be conferred by statute, but it should be done in unmistakable language before we would feel justified in so holding. Such a provision, too, would have a tendency to defeat the whole purpose of the statute. It is safe to say that contractors would hesitate to accept these certificates, if they knew the city had power at any time to destroy the lien by which their payment is secured. It may be thought, as counsel in substance asserts, that the benefit to the property of the later improvement would add to the security of the earlier lien, and make it as safe in second place as it was originally in the first. It is hardly necessary to say that the immediate benefit to prop- erty, from improvements of this kind, is in many instances more fanciful than real.

In the present case, the cost of the improvement seems to exceed the value of the property after the work is done. The property owner is not without reason, if under such circumstances he regards the improvement as a burden rather than a benefit. It can hardly be said in any case that the real estate at once takes on an additional value equal to the cost of the improvement. But, however this may be, if the paving benefited the real estate in question by increasing its price, there is quite as much justice in compelling plaintiff to rely upon this for his security, as for holding that such fact will support the right to displace the lien of the intervener. After all, the question is one of statutory construction only. The lien of intervener is first and paramount, unless the statute otherwise provides; and this we think is not the case. One argument used by appellant is that, if intervener had foreclosed her lien and become the owner of the property before the paving was done, she would have been obliged to pay for such improvement. This is true. But we might respond by saying that if one who holds a mortgage upon property on which intoxicating liquors are sold forecloses his lien, and becomes the owner of the property before the mulct tax is levied, he will be liable for its payment, and yet we held that the lien of such tax would not take precedence of a prior existing mortgage. *Smith v. Skow, supra.* The only case cited by appellant which we regard as in conflict with our views is *Burke v. Lukens,* 12 Ind. App. 648 (40 N. E. Rep. 641), and this is by an intermediate court. It is not an authority, and we must say that we are not inclined to accept the line of reasoning pursued as a sufficient argument to sustain the conclusion.

II.   Another ground of complaint by appellant is that the court allowed interest upon its judgment at the rate of six per cent. only, when the law provides for ten per cent. in case an action is brought for the recovery of such taxes. The adverse parties here make no argument on this matter of interest. To the intervener it is manifestly

immaterial, if she is successful in mantaining the priority of her claim, and it seems, as already said, that the face of the liens is sufficient to exhaust the property, and the owner is indifferent as to what may be added in the way of interest. Section 12, chapter 168, Acts Twenty-first General Assembly, which provided for interest, was amended by chapter 5, Acts Twenty-second General Assembly, and is as follows: "Said assessment shall be placed on the tax duplicate or list of the county and shall be payable at the office of the county treasurer in seven equal installments with interest at six per centum from the date of the assessment upon the unpaid portion thereof, the first of which, with interest on the whole amount at six per cent. shall be payable at the first semiannual payment of taxes next succeeding the time said assessment is placed on said duplicate and the others annually thereafter. And said assessment shall be collected in the same manner and bear the same penalties when delinquent as now provided by law for the collection of other taxes." The rate of interest is here fixed at six per cent. The closing lines, in which it is stated that such taxes shall bear the same penalties when delinquent as ordinary taxes, relate, as we construe them, to cases where the collection is made by the treasurer, and have no application to instances of this kind, where extraordinary means are adopted. Appellant bases its claim on sections 478, 479, Code 1873. In these sections it is provided that there may be a recovery by suit against the owner, and the lien thus enforced. And in section 479 it is said in such action "any municipal corporation may be entitled to demand and recover in addition to the amount assessed and interest thereon at ten per cent. from the time of the assessment, five per cent. to defray the expenses of collection," etc. This added burden is in the nature of a penalty. It is given to the municipal corporation only in case it seeks to enforce payment of the assessment by civil action; and there is strong reason for saying that no such action will lie on the part of the city until it has paid its contractors. *City of Burlington*

*v. Quick,* 47 Iowa, 222. We are not inclined to extend the provision beyond the strict letter of its terms. This action is not by the city; therefore this additional interest cannot be claimed under the section last mentioned. The decree of the trial court was in all respects right, and it is AFFIRMED.