DAYTON-OLDHAM GRANITE WORKS, Appellant, v. CITY OF MASON CITY, Appellee.

**MUNICIPAL CORPORATIONS:** Public Improvements—Assessments—Waiver of Limitations. A city council may order the construction of a street improvement on the basis of an agreement by property owners to submit to assessments for the entire cost, *regardless of statutory limitation;* and such assessments are valid against subsequent purchasers who become such *after* the assessment becomes a lien on the property.

*Appeal from Cerro Gordo District Court.*—JOSEPH J. CLARK, Judge.

JUNE 22, 1923.

APPEAL from an assessment for cost of a sewer. Facts appear in the opinion.—*Affirmed.*

*Garfield E. Breese,* for appellant.

*J. C. Robinson,* for appellee.

ARTHUR, J.—Certain property owners in a residence section of the city of Mason City, Iowa, filed a petition asking the city council to provide for the construction of a sewer, beginning at the center of Crescent Drive on the north line of Second Street northwest, thence north to the north line of Third Street Northwest, thence northwesterly and westerly on Crescent Drive to a point 50 feet west of the east line of Lot 10 in Block 2 in Wildwood Addition to Mason City, Iowa. In consideration of the city council's providing for the construction of said sewer, certain property owners agreed in writing, in substance and effect, that, if the city council would construct said sewer, they would pay the entire cost thereof and consent that the same be assessed against their property, regardless of statutory limitation of assessment. Said agreement was signed by Mrs. F. B. Florence, the then owner of Lot 5 in Block 3 in Wildwood Addi-

tion to Mason City, Iowa, the property involved in this case, and other property owners to be served by the improvement. The petition was acted upon and granted by the city council on June 19, 1919, and a contract for the construction of the sewer was let on the same day. Notice of the resolution for the construction of the sewer, together with a certificate by the clerk that the resolution had been adopted, was filed with the county auditor of Cerro Gordo County, Iowa, on June 20, 1919, as provided by Section 816, Supplement to the Code, 1913. On September 3, 1919, Mrs. F. B. Florence sold and conveyed to appellant, Dayton-Oldham Granite Works, said Lot 5. The construction of the sewer was completed and accepted by the city council on April 1, 1920. Appellant filed objections to the proposed assessment, that it was in excess of $1.50 per front foot of said lot, and in excess of $3.00 per linear foot of the sewer. The city council overruled objections to the assessment, and plaintiffs perfected an appeal from said order to the Cerro Gordo district court. Upon trial, the court confirmed the assessment made by the city council, and entered judgment for costs against appellant, holding, in effect, that the agreement between the city and the former lot owner was binding on appellant, the subsequent purchaser. From the decision of the lower court this appeal is taken.

I.    The sewer in question serves exclusively the residence district where the benefits to the various properties are of like character. The city, in laying the assessment, used the front-foot rule, each foot of property abutting on the sewer being assessed the same amount, $3.6344. The lot in question has a frontage of 52 feet, and the assessment was laid against it in the amount of $189. The question presented is whether the lot should have been assessed, as it was, in the amount of $189, or whether it should have been assessed only $1.50 per front foot, or $78: that is, $3.00 per linear foot of the sewer, as limited by Code Section 819. Appellee city claims that, because of its contract with the former owner of the lot, it had a right to make assessment for the full cost of the sewer, without regard to the statutory limits, because Mrs. F. B. Florence, former owner of the lot, agreed to such an assessment. It may be said from the record that appellant, when it purchased the lot, was not ad-

vised by Mrs. Florence of her agreement with the city to pay her proportionate share of the cost of the sewer, and that she had waived the statutory limitations of assessment; and that appellant did not know of such agreement when it purchased the property. It is conceded by appellant that, at the time it purchased the lot, notice of the resolution of the council and certificate of adoption of the resolution for the proposed improvement had been filed with the county auditor, as provided by Section 816, Code Supplement, 1913. As we understand counsel for appellant, he concedes that the notice given by filing of the notice of the resolution for construction of the sewer in the auditor's office would be notice to appellant, and bind it within the limits prescribed by statute,—that is, to the extent of $3.00 per lineal foot of the sewer, or $1.50 per front foot of the lot; but he contends that such notice would not advise appellant that a special agreement had been made to do away with the statutory limitations on assessments, and impose the assessment made. In other words, as we understand counsel, appellant is not resisting an assessment in the amount of $78, but objects to the assessment only in so far as it exceeds the limits prescribed by statute, Code Section 819, which confines the assessment to a maximum of $3.00 per lineal foot of the sewer.

II. The jurisdiction of the city council to order construction of the improvement and the regularity of the proceedings are not challenged. Counsel for appellant concedes in argument that the assessment made against the lot in question, under the agreement waiving statutory limitation of assessment, was valid as to and binding upon its grantor, but argues that such assessment is not binding upon it in excess of the statutory limitation. We think the position of appellant is not sound or tenable. Section 816, Code Supplement, 1913, reads:

"Thereupon all special taxes for the cost thereof, or any part of said cost, which are to be assessed and levied against real property, or any railway or street railway, together with all interest and penalties on all of said assessments, shall become and remain a lien on such property from the date of the filing of said papers with the county auditor until paid."

Resolution for construction of the sewer was passed on June 19, 1919; the contract for construction was let on the same day;

and on the following day, June 20, 1919, there was filed with the county auditor notice of the resolution, etc., as provided by statute. Thus the statutory method of imposing lien on the property for the cost of construction of the improvement was followed, and lien upon the property thereby effected about two months and a half prior to the transfer to appellant. *Cemansky v. Fitch,* 121 Iowa 186; *Halvorson v. Mullin,* 179 Iowa 293. The lien, being effective on June 20, 1919, was not affected in any way by the subsequent change of title. *Douglass v. City of Cincinnati,* 29 Ohio St. 165; *Dougherty v. Miller,* 36 Cal. 83; *In re Report of Commissioners,* 49 N. J. L. 488 (10 Atl. 363).

The proceeding for the construction of the sewer was initiated in the city council by the petition of appellant's grantor and other property owners and the agreement of the property owners (among them appellant's grantor) that they would waive the statutory limitations of taxation and pay their proportionate cost of the sewer. Undoubtedly, the city council had a right to act upon such petition and contract, and disregard the statutory limitations, and assess the entire cost, proportionately, against the property involved. Appellant does not challenge the authority of the city council to make such assessment on the property as against its grantor, who agreed to such assessment, but contends that the agreement entered into by its grantor, of which it had no knowledge, is not binding upon it. Counsel strenuously urges that lien for the cost of construction beyond the statutory limitations could not be made effective as to appellant, because the contract entered into between its grantor' and the city council was not placed of record as an instrument affecting real estate, as provided by Code Section 2925, which reads:

"No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration, without notice, unless recorded in the office of the recorder of the county in which the same lies."

We think this statute is not applicable to special taxes for public improvements.

We reach the conclusion that appellant took the property burdened with lien for the assessment laid against it by order

of the city council.  The judgment of the lower court is correct, and is affirmed.—*Affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.