ANDERSON-DEERING COMPANY, Appellant, v. CITY OF BOONE et al., Appellees.

**MUNICIPAL CORPORATIONS:** Public Improvements—Special Assessments—Priority. The fully perfected lien of a special assessment for sewer is prior in right to the lien of a subsequent special assessment by the board of supervisors for a public drainage improvement, even though the latter improvement was initiated prior to the sewer proceedings.

**MUNICIPAL CORPORATIONS:** Public Improvements—Special Assessments—How Made Lienable. A filing by the city clerk with a county auditor of a copy of the published notice of the resolution of necessity covering a sewer improvement is sufficient (under Sec. 816, Code Supp., 1913), if accompanied by proof of publication in *one* of the required newspapers. (Note change in Sec. 6007, Code of 1924.)

**MUNICIPAL CORPORATIONS:** Public Improvements—Special Assessment in Excess of Statutory Permission. A special assessment in

excess of 25 per cent of the value of the property is perfectly valid when the property owner fails to enter any objections thereto, as provided by statute. (See Book of Anno., Vol. 1, Sec. 6021, Anno. 7, 8; Sec. 6029, Anno. 7.)

Headnote 1: 28 Cyc. p. 1202. Headnote 2: 28 Cyc. p. 1198. Headnote 3: 28 Cyc. p. 1174.

*Appeal from Boone District Court.*—E. M. McCALL and SHERWOOD A. CLOCK, Judges.

NOVEMBER 24, 1925.

REHEARING DENIED MAY 7, 1926.

ACTION in equity, to adjudicate priority of liens, to foreclose the lien of certain special assessment certificates, and to rescind the contract between plaintiff and the defendant city as to others. The issue of priority arose between the plaintiff and the defendant Boone County Drainage District No. 172, and was decided by the court below in favor of the latter. The issue of rescission was between the plaintiff and the defendant city upon an amended and substituted petition which the court dismissed. Plaintiff appealed from both judgments.—*Reversed in part; affirmed in part.*

*T. J. Mahoney,* for appellant.

*F. L. Mackey,* for city of Boone, appellee.

*Dyer, Jordan & Dyer,* for all other appellees.

*W. W. Goodykoontz,* for Boone Investment Co., defendant.

STEVENS, J.—A somewhat extended recital of the record is essential to a clear understanding of the issues and questions presented for decision. The facts are either stipulated or are not in serious dispute. On October 23, 1919, the city council of the city of Boone entered into a written contract with Anderson-Deering Company, appellant, to construct a sanitary sewer in Fairview Addition to said city, known as Fairview Addition sewer. The contract provided for "payment upon com-

1. MUNICIPAL CORPORATIONS: public improvements: special assessments: priority.

pletion and acceptance of the work by the city in special assessment certificates as provided by law.'' Two days later, the city clerk of said city filed with the county auditor of Boone County a certified copy of the notices, resolution of necessity, and other matters required to be filed by Section 816 of the 1913 Supplement to the Code, except as hereinafter noted. On November 3, 1920, the work of constructing the sewer was approved and accepted by the city council, and assessments were levied against the separate parcels or tracts of real property in said addition, which, together with all waivers filed by property owners, were duly certified to the county auditor, and by him in turn certified to the county treasurer, who made proper entry of such assessments in the books of his office. The assessment certificates were issued, and, on December 16, 1920, delivered to appellant, who receipted therefor as follows:

''I, the undersigned, hereby certify that I have been paid in full by the city of Boone, Iowa, by delivery of certificates included in special assessment certificates numbered No. 8774 to 9011 inclusive or cash equivalent thereof, in the sum of $18,822.80, and accrued interest in the sum of $35.70, for all work done and material furnished on sanitary sewer contract with the city of Boone, Iowa, under date of October 23rd, 1919, and all other work in connection therewith, the delivery of said certificates and payment being a full settlement by said city of every claim or demand held by Anderson-Deering Company or his assigns, for all work done for and material furnished to said city, either by himself or any subcontractor claiming under or through him for work done under this contract, and we severally hereby release said city from any further claim for extras, damages or any other claim growing out of said contract.''

On June 2, 1917, a petition was filed in the office of the county auditor, asking the establishment of a drainage improvement, to include within the proposed district all of the property involved in this controversy; and in August, 1921, a district known as Boone Drainage District No. 172 was established, as prayed. On June 22, 1922, assessments were laid by the board of supervisors upon the separate tracts or parcels in Fairview Addition. Prior to entering into the contract with appellant, the city council obtained waivers from a large number of owners

of property in Fairview Addition, which authorized assessments
to be made in excess of 25 per cent of the value of the property,
and waived all irregularities and illegalities in the proceedings
of the council. It is conceded that the amount levied against
each parcel or lot by the city council exceeded 25 per cent of
the value of the property, and the evidence tended to show that
in most instances it was approximately equal to, if not in excess
of, the full value thereof.

As originally commenced, this was an action in equity, to
establish the priority of appellant's liens over those levied by
the board of supervisors for drainage purposes, and to fore-
close the same, and for judgment against the city for any de-
ficiency existing after the several tracts involved were sold on
special execution. A trial was had upon the issues joined be-
tween appellant and the drainage district, which resulted in a
decree on June 8, 1923, giving priority to the drainage assess-
ments, but awarding judgment in favor of appellant against
each of the defendants filing waivers. The cause was then con-
tinued for service upon numerous other defendant owners of
property in Fairview Addition.

On May 31, 1924, appellant filed an amended and substi-
tuted petition, alleging that all assessments levied upon the
property of the defendants who did not sign waivers are, because
in excess of 25 per cent of the value thereof, illegal and void;
offering to return the assessment certificates received therefor;
and praying rescission of the contract as to such certificates; and
demanding judgment against the city for $3,207.75, the aggre-
gate amount thereof. To appellant's amended and substituted
petition, the defendant city filed answer that appellant accepted
the assessment certificates with full knowledge of all matters
complained of; that by the terms of the contract it agreed to,
and did, accept the same in full payment of all sums due it
from the city; and that it is now estopped from asking rescission
of the contract. No question is raised by the city as to the
right of appellant to rescind after affirming the contract and
recovering judgment on certain certificates, as previously stated,
nor to its right to have partial rescission thereof. The court,
upon final hearing, dismissed appellant's amended and substi-
tuted petition.

I. Since the first decree was entered in the court below, this court has had occasion to pass upon the question of priority of liens involved herein. *City of Charles City v. Ramsay,* 199 Iowa 722. The conclusion reached in that case fully supports the claim of appellant. Unless, therefore, the assessments levied by the city are not a lien upon the property in question, or in any event not in excess of 25 per cent of the value thereof, as claimed by the drainage district, the decision in the *Ramsay* case is decisive of the present appeal. No objections were made by anyone before the city council to the assessments levied, and therefore all irregularities or illegalities therein are waived. *Evans v. City of Des Moines,* 184 Iowa 945; *Hansen v. City of Missouri Valley,* 178 Iowa 859; *Dayton-Oldham Gran. Wks. v. City of Mason City,* 196 Iowa 77; *In re Paving Floyd Park Addition,* 197 Iowa 922.

Section 816, 1913 Supplement to the Code, so far as now material, is as follows:

"After a contract has been made by any city for the making or reconstruction of any street improvement or sewer, the clerk shall file with the auditor of the county, or each of the counties, in which said city is situated, a written or printed copy of the notice of the resolution provided for, with a true copy of the proof of publication thereof, together with a certificate of the clerk that an ordinance or resolution has been adopted directing the making or reconstruction of said street improvement or sewer. Thereupon all special taxes for the cost thereof, or any part of said cost, which are to be assessed and levied against real property, or any railway or street railway, together with all interest and penalties on all of said assessments, shall become and remain a lien on such property from the date of the filing of said papers with the county auditor until paid * * *"

2. MUNICIPAL CORPORATIONS: public improvements: special assessments: how made lienable.

It is conceded that the notice required by Section 823, 1913 Supplement to the Code, to be published in two newspapers, if that many are published in the city in which the improvement is located, was complied with in all particulars, except that no proof of publication was filed as to one notice. The stipulation entered into between the parties apparently covers this point;

but, assuming that it does not, we are of the opinion that the statute was substantially complied with, and that this is all that is required. None of the defendant property owners who did not sign waivers are objecting to the assessment or in any way seeking to avoid the lien thereof. The statute does not specifically require proof of publication in both newspapers of the notices in question to be filed in the office of the city clerk; but it may be conceded that, to meet the requirements of Section 816, this should be done. The purpose of the statute was, in our opinion, substantially complied with, and the assessments levied by the city became a lien upon the respective tracts involved.

II. The sole ground relied upon by appellant for the rescission and cancellation of its contract as to the certificates involved in this controversy is that the assessments levied exceeded 25 per cent of the value of the property, and were in excess of the full value thereof. It must, of course, be conceded that, in the absence of some form of waiver by the property owner, an assessment for benefits in excess of 25 per cent of the value of the property is illegal; but, if such property owner fails to appear before the city council and object thereto within the time fixed by law, he is deemed to have waived all irregularities and illegalities in the proceedings of the council and in the assessment, however excessive it may be; and, in the absence of fraud, he cannot thereafter be heard to complain thereof. No fraud is charged in appellant's amended and substituted petition. The assessment levied against the property is, therefore, a lien thereon for the full amount thereof, or to the full value of the property. No distinction can be made between an assessment valid because not in excess of benefits, and an assessment which is valid because the owner has waived the right to object to any irregularity or illegality therein. One assessment is as valid and legal as the other, and both are binding upon the property owner. This being true, no right of rescission existed. The cases relied upon by appellant do not support its contention. Numerous cases have been decided by this court in which the question of the city's liability to contractors where the assessment was illegal

3. MUNICIPAL CORPORATIONS: public improvements: special assessment in excess of statutory permission.

or levied without authority was involved.   A few of them are included in the following: *Bucroft v. City of Council Bluffs,* 63 Iowa 646; *Scofield & Cavin v. City of Council Bluffs,* 68 Iowa 695; *Ottumwa B. & C. Co. v. Ainley,* 109 Iowa 386; *Polk County Sav. Bank v. State,* 69 Iowa 24; *Griffin v. Messenger,* 114 Iowa 99; *Ft. Dodge E. L. & P. Co. v. City of Ft. Dodge,* 115 Iowa 568; *Iowa Pipe & Tile Co. v. Callanan,* 125 Iowa 358; *First Nat. Bank v. City of Emmetsburg,* 157 Iowa 555; *Citizens' Bank of Des Moines v. City of Spencer,* 126 Iowa 101; *Snouffer & Ford v. Grove,* 139 Iowa 466.

.The doctrine of these cases is not applicable to the present controversy.   Other questions are argued, but it is unnecessary to specifically discuss them.   In so far as the decree entered on June 8, 1923, established the lien of the drainage assessments as prior and superior to the assessments levied by the city, it is reversed, and the latter decree affirmed.   The cause will be remanded to the court below for decree in harmony with this opinion.—*Reversed in part; affirmed in part.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.