WESTERN SECURITIES COMPANY, Appellee, v. BLACK HAWK NATIONAL BANK OF WATERLOO et al., Defendants; TOWN OF CEDAR HEIGHTS, Appellant.

No. 40237.

JUNE 23, 1930.

REHEARING DENIED MARCH 17, 1931.

C. E. *Ransier*, for appellant.

C. F. *Clark* and E. J. *Wenner*, for Western Securities Company, appellee.

A. G. *Reid* and *Carleton Sias*, for Black Hawk County, Ed. Madigan, County Treasurer, F. W. Esher, County Auditor, and City of Waterloo, defendants.

GRIMM, J.—On July 20, 1928, the plaintiff filed in the Black Hawk County district court its petition in equity, in which it prayed that it be decreed to be the owner in fee simple of certain real estate described in the petition, by reason of its having purchased, at tax sale, for general taxes, the real estate described, and having afterwards taken tax deeds to the property. It prays that the plaintiff's title to said real estate be quieted as to the adverse demands of each and all of the defendants, and that said defendants and all persons claiming by, through, or under them be forever barred, estopped, and enjoined from having any right, title, interest, or lien in, to, or upon said real estate adverse to the plaintiff; and that the court adjudge that the liens upon said property for special assessments be declared junior and inferior to the claims of the plaintiff, and extinguished by said sale and subsequent deed.

It appears that plaintiff's tax deeds on certain lots in Soash Park were issued on tax sales of January 28, 1924, for general taxes against each and all of said lots for the years 1920-1921, and 1922. Plaintiff's tax deeds on all the lots in the town of Cedar Heights and all lots in Alford's Subdivision were issued on tax sales of January 5, 1925, for general taxes against each and all of said lots for the years 1921, 1922, and 1923. Each

of these tax sales included, with the general taxes, three installments of certain special assessments against the property. The special assessments relied upon by the town of Cedar Heights became liens on December 31, 1921. Paving assessments against lots in Alford's Subdivision and Soash Park were certified to the county auditor May 3, 1924, and the certificate of the contract was filed with the county auditor July 5, 1923. Said assessments were payable in ten annual installments. There were also sewer assessments levied against Alford's Subdivision, payable in seven installments, the certificate having been filed with the county auditor November 1, 1920. There were also tax sales, including general taxes, subsequent to the tax sales under which plaintiff's deeds were issued. Plaintiff concedes the lien as to said taxes, and tenders the value of all such subsequent general taxes, and the district court's decree provides for the cancellation of such tax sales only upon payment of the redemption value of such general taxes.

The question before this court is that of the superiority of the lien for general taxes over the lien for special assessments. Plaintiff's title in each case is based upon a tax sale for general taxes, and the plaintiff relies upon the superiority of the lien of such general real estate taxes. Special assessments were levied during the two or three years preceding the tax sale, but the tax sales all included general taxes for three years, and the lien of the earliest general tax attached before the lien of the special assessment, and the lien of the latest general tax attached after the lien of the special assessment.

Plaintiff appellee contends that the general or ordinary taxes constitute a lien superior to the lien of any special assessment levied prior to the tax sale, and that this priority attaches over the entire special assessment, including not only installments that mature prior to the tax sale, but also all that mature subsequent to the tax sale, even though some of the earlier installments of such special assessment became delinquent prior to the tax sale, and were included with the general or ordinary taxes in the tax sale. The lower court found for the plaintiff.

The questions involved here have been very recently reviewed and passed upon by this court in the case entitled *Iowa Sec. Co. v. Barrett,* 210 Iowa 53. It would serve no good purpose to again discuss the statutes and holdings of this and other

courts. The *Iowa Securities Company* case is controlling of the issues in this case. It follows that this cause must be, and is,— *Affirmed.*

Morling, C. J., and Evans, De Graff, Kindig, and Wagner, JJ., concur.