T. E. MEANS, Appellee, v. INCORPORATED CITY OF BOONE et al., Appellants.

No. 40792.

MARCH 15, 1932.

REHEARING DENIED JUNE 24, 1932.

Dyer, Jordan & Dyer, for appellee.

F. L. Mackey, for appellants.

DE GRAFF, J.—The facts in this case were stipulated and agreed upon by and between the parties hereto upon the beginning of the trial.

The defendant City of Boone, Iowa, is a municipal corporation and a regularly organized city; the defendant M. Abrahamson is the duly elected, qualified and acting county treasurer of Boone County, Iowa. There is no dispute between the parties concerning the facts. The plaintiff-appellee seeks to have his title quieted as to five separate descriptions of real estate as against the claims of the City of Boone, and asks that the county treasurer be enjoined from advertising such property for sale because of the non-payment of certain special assessments which had been levied against it by the City. The trial court granted the relief prayed in the petition.

It appears that the plaintiff is the owner of certain tax deeds, which were issued to him by the county treasurer of Boone County. They were all based upon the sale of such property because of default in the payment of the ordinary regular tax. In each case the City of Boone, after the tax sale, levied certain special assessments against the property between the time of the tax sale and the date of the tax deed. It is the contention of the plaintiff-appellee that the lien of the ordinary and regular tax, which is created by Section 7202, Code 1927, is superior to all persons except the State, and has precedence over the liens of the special assessments in question. In other words, the theory of the plaintiff is that the tax deeds vested in the purchaser, not only all the right, title and interest of the former owner of the property, but also all the interest, right, and claim of the state and county by virtue of Section 7286, Code 1927, and that the lien of the regular or ordinary taxes has precedence over the lien of special assessments. Section 6008, Code 1927. The question then is, if property is sold and not redeemed, and a tax sale certificate ripens into a tax deed in the regular and legal manner that such lien is transmitted in such a way that the grantee in the tax deed acquires a title, does this title convey to him, not only all the interest of the former owner, but also the interest of the county and state? It is well settled in this state that a tax title is not derivative, but a new title, in the nature of an independent grant from the Sovereign. Petersborough Sav. Bank v. Des Moines Sav. Bank, 110 Iowa 519, l. c. 524. It is also settled in this state that the right to become a purchaser at a tax sale by a city does not, however, give a city

the right to redeem said property after the tax sale has culminated in the issuance and delivery of a treasurer's deed.

"The right to become a purchaser at a sale is quite a different thing than the right to redeem, even after treasurer's deed has been issued." Incorporated Town of Story City v. H. E. Hadley, 214 Iowa 132.

See, also, Section 7290, Code 1927.

A tax deed vests in the purchaser all the right, title, and estate of the former owner in and to the land conveyed and all right, title and estate of the state and county thereto. Harrington v. Valley Savings Bank, 119 Iowa 312. As heretofore pointed out, the lien of ordinary tax takes precedence over the lien of a special assessment. Iowa Securities Co. v. Barrett, 210 Iowa 53. See, also, Harrington v. Valley Savings Bank, supra. It is also established that where a special assessment is levied by a city, a purchaser may have his title quieted as against the city. Fitzgerald v. Sioux City, 125 Iowa 396. A tax deed issued on a sale for regular taxes displaces the lien of a special assessment which attached after the sale and before the issuance of the deed. This principle is a rule of property which this court will not change. Montgomery v. City of Des Moines, 190 Iowa 705. A city may protect itself by tendering the proper amount to the holder of a tax sale certificate, and is then entitled to an assignment thereof. The statute, however, does not grant such protection after a certificate holder has received a deed. Section 6041, Code 1927. In order to make a sufficient tender after an action has been commenced, the amount tendered should include the court costs which had accrued at the time. Martin v. Whisler, 62 Iowa 416. Under the statute the period of redemption from a tax sale expires 90 days after the completed service of notice to redeem. Sections 7279 and 7284, Code 1927. Equitable estoppel does not arise in the absence of injury, and if the adverse party has not acted to his prejudice, he is in no position to assert equitable estoppel. McKeon v. City of Council Bluffs, 206 Iowa 556; King v. Knudson, 209 Iowa 1214.

In the light of the legal propositions herein announced, the decree of the trial court which quieted the title to the property involved in plaintiff-appellee and against the City of Boone on account of its liens arising from its special assessments was cor-

rect, and the trial court properly enjoined the county treasurer from selling such property involved here, by reason of a default in the payment of such special assessments subsequently levied.

The decree is, therefore,—Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.