J. E. FERGASON et al., Appellees, v. GRACE AITKEN et al., Appellants.

No. 42920.

DECEMBER 17, 1935.

Hugh H. Shepard, for appellees.

W. A. Westfall, for appellants.

E. B. Stillman, and Senneff, Bliss & Senneff, amici curiæ.

KINTZINGER, C. J.—In March, 1921, an assessment was made against all the land within drainage district No. 31 in Cerro Gordo county, Iowa, to meet the cost of the drainage improve-

ment in that district. In September, 1921, the board of supervisors found and determined that the apportioned assessment was greater than should be levied and collected in a single year against the land assessed, and ordered the apportioned assessment to be paid in future equal annual installments, beginning in 1927. Thereupon, drainage bonds were issued to pay the cost of the improvement. This action was authorized by a statute providing that, ''when a drainage district has been established * * * if the board of supervisors shall find that the cost of such improvement will create assessments against the land * * * greater than should be levied in a single year, * * * then * * * the board may fix the amount that shall be levied and collected each year until such cost and expenses are paid, and may issue drainage bonds of the county covering all assessments.'' Supplement 1913, section 1989-a27; Codes of 1924 and 1931, section 7503.

The real estate involved comprises 160 acres, and the total drainage tax assessed against it was $10,947.78. The real estate involved was sold at the regular tax sale in December, 1928, for the delinquent general taxes of 1927. At that time the future unpaid installments amounting to $8,743.68 were not yet due and payable and did not become so until 1929.

This action is brought by the purchaser of the tax deed to quiet his title against any lien of the subsequent deferred installments of the drainage tax.

The question before this court is that of the priority of the lien for general taxes over the lien of the tax levied for drainage purposes under section 7478 of the Code. Appellants contend that the lien of the drainage tax was given equal priority with the lien of general taxes under section 7478 of the Code, which provides:

''Such taxes shall be a lien upon all premises against which they are assessed as fully as taxes levied for state and county purposes.''

Appellees contend that the general or ordinary taxes constitute a lien superior to the lien of the tax levied for drainage purposes and all deferred future installments thereof. The property in question was, on December 1, 1928, sold for the delinquent general taxes levied against this property for the year 1927.

The assessment for the drainage tax was levied in 1921, but by lawful action of the board of supervisors the tax was apportioned for payment in future deferred equal annual installments. The deferred installments upon which the defendants Cerro Gordo county, for itself and the drainage district No. 31, claim a lien did not become due and payable until 1929, and annually thereafter until paid. Appellants contend that the lien of the deferred future installments of the drainage tax is of equal priority with the lien of the general taxes for which the property was sold in 1928.

The single question for determination, therefore, is whether or not the lien of the drainage tax is equal in priority with the lien of the general taxes, so that the lien of the drainage tax is not cut off by the tax sale for the general taxes of 1927.

It is the settled law of this state that future installments of the special assessment for paving and sewer improvements are cut off by a sale of the property for delinquent general taxes. Appellees contend that the lien of the drainage tax is not superior to the lien of a special assessment for street improvements. If the lien of special assessment for street improvements is of equal priority with the liens of a drainage tax, then the sale of the property in question for the delinquent general taxes would cut off the lien of the deferred future installments of the drainage tax.

Section 6008 of the Code relating to the lien of special assessment for street improvements provides that ''such liens shall have precedence over all other liens except ordinary taxes.''

This court has had occasion to pass upon the priority between lien of a drainage tax and the lien of a special assessment in the case of Charles City v. Ramsay, 199 Iowa 722, loc. cit. 724, 202 N. W. 499, 500, where this court said:

''We are therefore squarely faced with the question of determining, under these sections of the statute, which of these liens had priority. If we depend wholly upon the wording of the statute [6008], it would seem that the lien of the city for sewer purposes was prior, because the statute specifically says that such taxes shall have precedence over all other liens except ordinary taxes. * * * Sec. 1989-a45 provides that the ditch [drainage] taxes shall be a lien to the same extent and in the same manner as taxes levied for county and state purposes.

Under this last-named section, we had occasion to put construction on the wording therein in the case of Fitchpatrick v. Botheras, 150 Iowa 376, 130 N. W. 163, 37 L. R. A. (N. S.) 558, Ann. Cas. 1912D, 534, in which it was claimed that a prior existing mortgage was superior to the ditch tax, but we held, in substance, that under this section of the Code just referred to, a ditch [drainage] tax took precedence over the mortgage. This would rather lead to the conclusion that too much dependence cannot be placed upon the difference in the wording of these two sections. Assuming therefore, for the purpose of argument, that, while differently worded, under our interpretation they were of force and effect the same as though worded identically, we then have two sections of the statute providing for different species of taxes, each given precedence over other liens, except general taxes. Thus, viewing the statute, we had this identical question before us in the case of Des Moines Co. v. Smith, 108 Iowa 307, 79 N. W. 77, and we there held that under such circumstances the maxim of 'first in time, first in right,' applies. In other words, as between two conflicting claims, like these at bar, the lien first perfected will have the superior right, and we have no disposition at present to recede from the position taken in that case.''

Section 1989-a45 (Code Supp. 1913) referred to in the foregoing quotation was in force at the time the drainage tax in question was assessed. The provisions of this section are substantially equivalent to the provisions of section 7478, which provides that drainage taxes ''shall be a lien upon all premises against which they are assessed as fully as taxes levied for state and county purposes.'' As this court has, in the case of Charles City v. Ramsay, supra, passed upon the question of the priority between lien of a drainage tax and the lien of a special assessment, we are controlled thereby. The court in that case held that the lien given for a drainage tax and that given for a special assessment for street improvements ''were of force and effect the same as though worded identically.'' If, therefore, these liens are of the same force and effect ''as though worded identically,'' it necessarily follows that they are of equal priority. It is the settled law of this state that the lien of a special assessment for unpaid future installments is cut off by the sale of the property for general taxes. Montgomery v. City of Des Moines, 190 Iowa

705, 180 N. W. 723; Charles City v. Ramsay, 199 Iowa 722, 202 N. W. 499; Anderson Deering Co. v. City of Boone, 201 Iowa 1129, 1130, 205 N. W. 984; Iowa Securities Co. v. Barrett, 210 Iowa 53, loc. cit. 56, 230 N. W. 528; Western Securities Co. v. Black Hawk Nat. Bank, 211 Iowa 1304, 231 N. W. 317; Means v. Boone, 214 Iowa 948, loc. cit. 951, 241 N. W. 671.

It necessarily follows that if the lien of a drainage tax has no superiority over the lien of a special assessment, that a sale of the property for delinquent general taxes also cuts off the lien of future unpaid installments of the drainage tax.

It is also the settled rule of law that where additional liens existing against property sold for general taxes are not of equal priority with the lien of general taxes, a tax sale for the delinquent general taxes will extinguish all rights of such other liens, and creates a new and independent title in the purchaser.  61 Corpus Juris 1314; Crum v. Cotting, 22 Iowa 411; Petersborough Sav. Bank v. Des Moines Bank, 110 Iowa 519, 81 N. W. 786; Harrington v. Valley Sav. Bank, 119 Iowa 312, 93 N. W. 347; Fitzgerald v. Sioux City, 125 Iowa 396, 101 N. W. 268; Lucas v. Purdy, 142 Iowa 359, 120 N. W. 1063, 24 L. R. A. (N. S.) 1294, 19 Ann. Cas. 974; Montgomery v. City of Des Moines, 190 Iowa 705, 180 N. W. 723; Iowa Securities Co. v. Barrett, 210 Iowa 53, 230 N. W. 528; Western Securities Co. v. Black Hawk Nat. Bank, 211 Iowa 1304, 231 N. W. 317; Means v. Boone, 214 Iowa 948, 241 N. W. 671; Hefner v. Northwestern Life Ins. Co., 123 U. S. 747, 8 S. Ct. 337, 31 L. Ed. 309; Bosworth v. Anderson, 47 Idaho 697, 280 P. 227, 65 A. L. R. 1372.

The decision of this case is controlled by the rule adopted in Charles City v. Ramsay, 199 Iowa 722, 202 N. W. 499, and other cases hereinabove cited. We are, therefore, impelled to hold that the lien of the unpaid future installments of the drainage tax for which defendants claim a lien in this action is cut off by the sale of the property for the unpaid delinquent general taxes of 1927.

The lower court so found. For the reasons hereinabove expressed, the judgment of the lower court is hereby affirmed.

The foregoing opinion is written in accordance with the views of a majority of this court consisting of Justices ALBERT, MITCHELL, ANDERSON, DONEGAN, RICHARDS, and HAMILTON. The writer of this opinion, however, and Justices POWERS and

PARSONS are inclined to the view that there is a distinction between the statutory lien of special assessments authorized by section 6008 and the drainage tax lien authorized by section 7478 of the Code, and that the drainage tax lien is of equal priority with the lien for general taxes. Section 7478 provides that the drainage tax assessment "shall be a lien upon all premises against which they are assessed as fully as taxes levied for state and county purposes." The writer of the foregoing opinion believes that under this section the lien of a drainage tax is of equal priority with that of general taxes. Iowa Securities Co. v. Barrett, 210 Iowa 53, loc. cit. 57, and 58, 230 N. W. 528; 61 Corpus Juris 931 and 932. Under this view, the lien of a drainage tax assessment should not be cut off by a tax sale of the property for general taxes. Dennison v. Keokuk, 45 Iowa 266.

In view, however, of the opinion of the majority of this court, hereinabove expressed, the judgment of the lower court is affirmed.—Affirmed.