MATTIE J. TESDELL, Appellant, v. G. C. GREENWALT, Treasurer of Polk County, et al., Appellees.

No. 45057.

MARCH 5, 1940.

REHEARING DENIED JUNE 20, 1940.

E. S. Tesdell, for appellant.

Howard M. Hall, for appellee G. C. Greenwalt.

Carl S. Missildine, for appellees H. Pierce Witmer and G. G. Herrick.

BLISS, J.—In December 1927 the city of Des Moines issued: its street improvement assessment certificate, No. 55725, for $269.52, in payment of paving; its water service connection certificates, Nos. 56074 and 56075, for $18.22 each; and its sewer stubs connection assessment certificate, No. 55915, for $33.26. All of these evidenced special assessments against Lot 39 in Arnolds Place, in the city of Des Moines, for public improvements directly benefiting this lot. Each certificate was payable in ten annual installments, evidenced by ten coupons attached to each certificate.

Neither the ordinary taxes for 1929 nor the assessment installments for that year, payable in 1930, were paid, and the

county treasurer included said lot in the notice of the annual tax sale for the nonpayment of both ordinary taxes and special assessments, to be held on December 2, 1930. The sale was held on the 2d, 3d, and 4th days of December 1930, and on the last date the treasurer offered said lot, but, through error, mistake, or inadvertence, the bid noted was for only the delinquent special assessments. The defendant Witmer placed upon the witness stand the deputy treasurer, who testified: ''It was no doubt purely an error on the part of the treasurer, and it no doubt was the intention of the treasurer to sell for both the general and special taxes. After the certificate was made out it was discovered that it only referred to specials. The specials were sold at the regular sale and the regular tax was offered at the adjourned sale on December 22d. *So far as I know it was offered and sold on December 4th for general as well as special taxes, but the tax certificate was made out to show only special taxes included in that sale.*'' George Harnagle was the purchaser and the amount bid and paid was $70.18. On December 4, 1930, the sale was adjourned by the treasurer to the 22d day of that month.

On December 10, 1930, the treasurer issued to Harnagle his certificate of purchase at tax sale, which recited that the sale was for said delinquent special assessment installments, giving the number of the installment, the number of the certificate and for what kind of improvement issued, with the amount of each installment and interest. This certificate was assigned by Harnagle to the Hawkeye Loan & Brokerage Company, and by the latter company assigned to the plaintiff on January 12, 1935. Tax deed on this certificate was issued to the plaintiff on November 15, 1938. This deed recites that the lot conveyed was subject to taxation for the year 1929, and that the taxes assessed thereon for that year were unpaid at the date of the sale, and that the property was sold for $70.18, ''being the whole amount of taxes, interest and costs then due and remaining unpaid.''

Having discovered that some error or mistake, as above stated, had been made at the sale on December 4th, the treasurer

re-offered the property for the delinquent ordinary taxes at the adjourned sale on December 22, 1930, and the lot was sold therefor to George Harnagle, for $46.46, the full amount owing on said taxes. Certificate of the purchase was issued to him the same day and assigned to the Hawkeye Loan & Brokerage Company. Sufficient notice of the expiration of the period of redemption was duly and properly served, and affidavit of said service was duly filed. On December 18, 1934, the treasurer executed and delivered his tax deed conveying this property to the Hawkeye Loan & Brokerage Company, for the tax sale of December 22, 1930. On February 1, 1935, the Hawkeye Loan & Brokerage Company executed its quitclaim deed conveying this property to the plaintiff. Both tax deeds were properly executed, acknowledged and recorded. All ordinary taxes subsequent to the tax sale were paid by the plaintiff, but none of the installments of the special assessments, maturing after the tax sale, were paid. On December 17, 1935, the treasurer, at a public bidder, or scavenger tax sale, sold this lot for the unpaid installments of the special assessments for the years 1931, 1932, 1933, and 1934, amounting to $254.02, to Max Ruffcorn, for 65 cents. Certificate of purchase was issued to him on January 20, 1936, which he assigned on October 1, 1936, to G. G. Herrick, who thereafter assigned it to the defendant H. Pierce Witmer. The latter is also the owner of all of the special assessment certificates referred to herein. After Witmer had served upon plaintiff the 90-day notice of the expiration of the period of redemption from the tax sale of December 17, 1935, and of his intention to ask for a tax deed to this property, the plaintiff, on September 15, 1938, filed her petition herein. The litigated controversy is chiefly between the plaintiff and the defendant Witmer. The defendant Herrick disclaimed any interest in the property. Plaintiff in her petition alleges: That she is the absolute owner of the property by reason of the tax deeds and the quitclaim deed of the Hawkeye Loan & Brokerage Company; that the liens of the special assessment certificates of the defendant Witmer were extinguished by her tax deeds, particularly by the tax deed issued on the sale for

the ordinary taxes on December 22, 1930; that because the lien of these assessment installments was extinguished, the tax sale certificate of Witmer, based upon them is necessarily void; that under Code section 7290 the defendant had no standing to question the tax deeds. Plaintiff prayed for a decree establishing the validity of her deeds, confirming the extinguishment of the liens of the defendant's special assessment certificates and tax sale certificate, and quieting plaintiff's title as against the claims and liens of defendant, and enjoining the defendant county treasurer from issuing a tax deed on defendant Witmer's tax sale certificate, and for general equitable relief. The chief defense pleaded and relied upon by defendant Witmer was that there could be but one sale for the delinquent ordinary taxes and delinquent special assessments, and that, since at the sale on December 4th, the property was sold only for the delinquent specials, the regular ordinary taxes ceased to be a lien by reason of said omission, and since they were not liens there was no basis for the tax sale for their nonpayment on December 22, 1930, and the tax deed issued on said sale is invalid. Each side urges other grounds and reasons in support of its position, but in our judgment the determination of the case may be bottomed upon the tax deed issued on the tax sale of December 22d. If that deed is valid then the plaintiff was entitled to the relief prayed for. It is our conclusion that it is valid.

The trial court made a general finding that the equities of the case were with the defendants, and that the plaintiff was not entitled to the relief demanded, and rendered judgment and decree dismissing plaintiff's petition at her cost.

■ Under Code section 7254 the treasurer may continue the sale from day to day as long as there are bidders, or until the taxes are all paid. When this has been done and all the real estate advertised for the tax sale has been offered and a part remains unsold for want of bidders, the treasurer may adjourn the sale to a definite day. (Code section 7259.) It was under the authority of these sections and for some of the reasons stated therein that the treasurer adjourned the sale on the 4th day of December to the 22d of the month. No one

questions the propriety of the adjournment. The adjournment was not for the purpose of selling this lot, because it was not until the certificate to Harnagle was made out on December 10th that it was discovered that there had been some mistake or error made in the offer or the bid, or the recording thereof, in connection with the sale of this lot. According to the deputy treasurer it was no doubt the treasurer's intention to sell for both general taxes and special assessments and that so far as the deputy knew it was sold for both, and that the error occurred in making out the certificate of sale. Under the record it may well have been that the lot was offered for the general taxes and the special assessments and the full amount thereof was bid, and there was an error on the part of the treasurer in setting down the bid. If that was what took place there could be no question of the validity of the sale. It was incumbent on the treasurer to rectify the error that had been made. He might have done so by changing the certificate to correspond to the facts as stated. He chose to do so by re-offering the lot at the adjourned sale for the general taxes. This was agreeable to Harnagle, the other participant in the transaction of December 4th, for he bid in the property at the sale on the 22d for the full amount of the general or ordinary taxes. If there was a mistake made it was not an irremediable one. We see no illegality in the remedy chosen. If a treasurer in offering a lot for sale, should erroneously compute the aggregate general taxes, special taxes, and special assessments, and a bid should be made and accepted on the basis of the computation, would anyone say that if the treasurer immediately discovered the error that he could not re-offer the property? We think not. The treasurer might make a mistake in accepting the bid of one who was unable to pay, but, if this should happen, he is authorized, under section 7257 of the Code, to at once re-offer the property as though no such sale had been made.

We have no hesitancy in holding that the correction of the error, in the manner adopted by the treasurer, was proper and not contrary to law. The holding of the court in Inter-Ocean Reinsurance Co. v. Morrison, 225 Iowa 1336, 283 N. W. 909,

in a somewhat analogous situation, supports our conclusion in this case.

■ The plaintiff made a prima facie case when her tax deed on the sale of December 22d was received in evidence, and the defendants failed to show its illegality. Brownell v. Storm Lake Bank, 63 Iowa 754, 19 N. W. 788; Fidelity Inv. Co. v. White, 208 Iowa 519, 223 N. W. 884, 225 N. W. 868; Inter-Ocean Reinsurance Co. v. Morrison, 225 Iowa 1336, 283 N. W. 909.

■ This tax deed, being valid and based upon a tax sale for ordinary, general taxes, has extinguished the liens of the special assessments evidenced by the improvement certificates held by the appellee Witmer, and of the certificate of tax sale based thereon. Fitzgerald v. Sioux City, 125 Iowa 396, 101 N. W. 268; Iowa Securities Co. v. Barrett, 210 Iowa 53, 230 N. W. 528; Western Securities Co. v. Black Hawk Nat. Bank, 211 Iowa 1304, 231 N. W. 317; Harrington v. Valley Sav. Bank, 119 Iowa 312, 93 N. W. 347; Fergason v. Aitken, 220 Iowa 1154, 263 N. W. 850; Means v. City of Boone, 214 Iowa 948, 241 N. W. 671; Montgomery v. Des Moines, 190 Iowa 705, 180 N. W. 723.

We hold that the tax deed executed by the county treasurer on December 18, 1934, on the tax sale of the property on December 22, 1930, and delivered to the Hawkeye Loan & Brokerage Company, upon which the appellant bases her title to the lot in question, is a valid deed, and that the appellant was and is entitled to all of the relief prayed for by her.

We do not question the soundness of the decision or the principles of law, or the statutory construction on which it is based, in Preston v. Van Gorder, 31 Iowa 250, but the decision is not applicable to the facts in this case.

In view of our conclusion we do not find it necessary to pass upon the appellant's contention that the appellee Witmer was barred by section 7290 of the 1935 Code of Iowa, from questioning her tax deed, nor do we find it necessary to pass upon the contention of the appellee that, where there are both ordinary taxes, and special assessments, which are delinquent

at the time of the annual tax sale, the treasurer must offer the property in satisfaction of both liens, at one time only, that is, that he cannot legally offer the property in payment of the special assessment, and thereafter, at the same sale, re-offer it in payment of the ordinary taxes.

The judgment and decree appealed from is therefore reversed and remanded for rendition and entry of judgment and decree in conformity herewith.—Reversed and remanded.

HALE, SAGER, STIGER, MILLER, and OLIVER, JJ., concur.