ELMER SHIPMAN et al., Appellees, v. FRANCIS M. BUCHER et al., Appellants.

No. 44477.

FEBRUARY 18, 1941.

Hicklin & Hicklin, for appellees.

Clark, Hale & Plock, for appellants, Trustees of Iowa River-Flint Creek Levee District No. 16.

GARFIELD, J.—Elmer and Johanna Shipman brought suit to restrain the county treasurer and county auditor of Louisa county and the trustees of levee district No. 16 from enforcing special assessments of the district against their lands. Plaintiffs acquired their lands by valid tax deeds issued for the nonpayment of general taxes, and contend that the special assessments previously levied were extinguished by the tax sale and subsequent deeds. The trustees of the levee district filed a motion asking that the holders of bonds issued by the district be made parties. This motion was submitted to the court and taken under advisement. No other pleadings were filed. The case was tried on a stipulation of facts which contained the following:

"The sole question intended to be submitted is as to whether the special assessments for Levee District No. 16 as the Treasurer is now attempting to collect are enforceable, or whether they were cut off by plaintiffs' tax deed."

In its decree the trial court restrained the county treasurer and the county auditor from attempting to collect the special assessments, recited that the motion to require the bondholders to be brought in was overruled, but provided that the relief granted was without prejudice to the rights of the bondholders. From this decree the trustees have appealed.

I. At the outset we are asked to dismiss the appeal on the ground that the appellants are not injuriously affected by the decree and have no such interest in the outcome as entitled them to appeal. It will be noticed that the injunction granted by the trial court was against the two county officials only and not against the trustees of the district. Whether or not appellees' position is well taken, we are disposed to consider the case on its merits.

II. Appellants first assign as error the overruling of their motion to require the bondholders to be made parties. It is argued that the bondholders were necessary parties and their rights could not be protected by the decree.

We have some doubt that appellants are in position to make this complaint. Appellants proceeded to present the merits of the case to the court by means of the stipulation with-

out asking for a ruling on their motion. As hereinbefore stated, the stipulation provided that the sole question for the court's determination was whether the special assessments were enforceable. We are not so sure but what this amounted to a waiver of the motion. In any event, it would seem that the trial court would have been justified in believing appellants were not pressing their motion. However, we have concluded to consider this assignment of error.

The statutory provision which appellants invoke is section 10981, Code, 1939, reading as follows:

"Necessary parties. The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, *or by saving their rights;* but when a determination of the controversy between the parties before the court cannot be made without the presence of other parties, it must order them to be brought in." (Italics supplied.)

Appellees were not questioning the validity of the bonds. The extent of the relief granted was to restrain the county treasurer and auditor from enforcing the special assessments against the lands owned by appellees which constituted but a very small fraction of the lands in the district. The validity of the assessments generally, or their collectibility as against the remaining lands of the district were in no manner put in issue. The trial court reserved all rights and remedies of the bondholders and the decree was without prejudice to them. Furthermore, appellees alleged in their petition and the stipulation of facts disclosed that the bonds were negotiable, were payable to bearer, and that the holders of the bonds were unknown. This appeared from the records of the district. We have been cited to no authority which would require appellees to seek out the holders of the bonds, concededly unknown, and make them parties to this suit. Appellants say in argument that a reversal of the case because its motion was not sustained would "not meet the interests of justice."

Brown v. Bryan, 31 Iowa 556, is the only Iowa decision which appellants cite on this branch of the case. It was a suit

on behalf of one hundred fourteen property owners to enjoin a tax voted to aid in the construction of a railroad. The court held the railroad was a necessary party and was entitled to intervene. The inapplicability of the case is apparent. Neither do we regard as in point the authorities cited from other jurisdictions.

We hold that appellants under the situation shown by the record are not entitled to a reversal because the trial court did not compel appellees to bring in the bondholders.

III. On the merits, the case is controlled by our decision in Reconstruction Fin. Corp. v. Deihl, 229 Iowa 1276, 296 N. W. 385. That case holds, following Fergason v. Aitken, 220 Iowa 1154, 263 N. W. 850, that a valid tax deed issued for the nonpayment of general taxes extinguishes the lien of special assessments for drainage purposes. The assessments in the case at bar are of no higher standing than the drainage assessments involved in the Deihl and Fergason cases. No question is raised by appellants as to the validity of the tax deeds held by appellees. It follows that the trial court was right in holding that the special assessments were extinguished by appellees' tax deeds and its decree is affirmed.—Affirmed.

MITCHELL, BLISS, OLIVER, and MILLER, JJ., concur.

HALE, C. J., takes no part.